■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOLPH STURGIS, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of two counts of felony murder, one count of burglary, third degree, and two counts of petit larceny after a second jury trial (see, *People v Sturgis,* 86 AD2d 775). The murder charges arose from the deaths of the occupants of an automobile which defendant hit broadside while attempting to flee after committing a burglary in a motel. The circumstantial evidence tying defendant to the burglary was very strong and the evidence of his involvement in the automobile chase and collision is uncontradicted; questions regarding causation and whether the deaths occurred in the course of "immediate flight" from the commission of the burglary were questions of fact for the jury. We reject defendant's argument that the court abused its discretion in deny-

ing as untimely his motion, made for the first time two weeks before his second trial, to suppress evidence seized from his car after the accident. It appears that defendant was aware of the facts upon which the motion was predicated, at least from the time of his CPL 440.10 motion following the first trial in 1978, and no reason is given for the delay in bringing the motion until January 8, 1983 (see, CPL 255.20 [3]). Moreover, although we do not reach the merits, it appears from the records of the two trials that there was a sufficient legal basis for the stop and subsequent search of defendant's vehicle. Nor did the court err in refusing to charge the crime of criminal facilitation as a lesser included offense of burglary (see, People v Chavis, 99 AD2d 584). We have studied the other points raised on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J. —murder, second degree, and other offenses.) Present—Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.