■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CLAYBORN GORDON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered June 6, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him and physical evidence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that his arrest was not supported by probable cause. The evidence adduced at the suppression hearing amply supports the finding that the police possessed probable cause to believe that the defendant committed a crime (see, People v Miner, 42 NY2d 937; People v Rivera, 67 AD2d 867). Moreover, there is no basis for disturbing the suppression court's finding that the defendant voluntarily, knowingly and intelligently waived his Miranda rights (see, People v Boyce, 89 AD2d 623, 624). Great weight must be accorded the determination of the suppression court, with its particular advantages of having seen and heard the witnesses (see, People v Prochilo, 41 NY2d 759). The defendant's contention that search warrants obtained after his arrest were improperly issued or returned is without merit.

Contrary to the defendant's contention that his guilt was not proven beyond a reasonable doubt, we find the proof of the defendant's guilt, which included the defendant's full confession, testimony by numerous witnesses that a week prior to the shooting of the victim the defendant had been in an altercation at the victim's home and had threatened to kill her and her daughter, and expert testimony that the shotgun shell found at the scene of the crime had been fired from a shotgun seized from the defendant, to have been overwhelming.

Numerous color photographs of the victim's body and the crime scene were introduced into evidence at the trial. While many of those photographs were highly graphic, it is well settled that "[w]here they are otherwise * * * admitted as having a tendency to prove or disprove some material fact in issue, photographs of a corpse are admissible even though they 'portray a gruesome spectacle and may tend to arouse passion and resentment against the defendant in the minds of the jury' " (People v Pobliner, 32 NY2d 356, 369-370, cert denied 416 US 905, quoting from Annotation, Evidence—Photograph of Corpse, 73 ALR2d 769, 787).

Most of the photographs tended to corroborate other rele-

vant evidence in the case and were properly admitted *(see, People v Pobliner, supra; People v Sims,* 110 AD2d 214, 222, *lv denied* 67 NY2d 657). In any event, in light of the overwhelming evidence of the defendant's guilt, any error in this respect was harmless *(see, People v Crimmins,* 36 NY2d 230, 241).

We find that the defendant's claim that he wanted to testify at the trial but was prevented by his counsel from doing so, which is premised upon matters dehors the record, is strongly contradicted by comments in the record.

We have considered the defendant's other contentions and find they do not require reversal. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.