■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS W. GREEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after jury trial, of two counts of second degree murder and two counts of first degree burglary, arguing that his warrantless arrest was illegal in two respects, and that his subsequent statement made to the police therefore must be suppressed. Defendant contends that the police lacked probable cause to arrest him, and that the police arrested him at his home, in violation of the rule of *Payton v New York* (445 US 573).

The People contend that they had probable cause based on the statement from an informant. That informant, Mary Sachs, had received her information from her daughter Debbie, who was defendant's girlfriend and the mother of his child. Defendant had told Debbie of his involvement in the crime, and Debbie in turn told her mother. We need not decide whether the police had probable cause, because we find that, even if they did not, defendant's arrest was sufficiently attenuated from his statement to render the statement admissible. Defendant's statement was made about 3½ hours after his arrest, the police conduct in effecting the arrest was not flagrant, there was no evidence of police coercion, and defen-

dant was given his *Miranda* warnings several times. Defendant did not give his statement until he had spoken to Debbie by telephone and had learned from her that she had told the police what defendant had told her; this constituted an intervening event *(see, People v Davis,* 120 AD2d 606, *lv denied* 68 NY2d 769; *People v Mas,* 110 AD2d 915; *People v Matos,* 93 AD2d 772). We conclude that the causal connection between defendant's arrest and the making of his statement was broken, and his statement therefore was purged of any illegality and was admissible *(see, People v Conyers,* 68 NY2d 982; *People v Johnson,* 66 NY2d 398, 407).

We find no merit to defendant's contention that he was illegally arrested at his home without a warrant in violation of *Payton v New York (supra).* Defendant did not meet his burden of establishing that he had an expectation of privacy in the Sachs' residence *(see, People v Rodriguez,* 69 NY2d 159; *People v Farinaro,* 110 AD2d 653, 655).

Defendant also argues on appeal that the court erred in refusing to charge the jury on the affirmative defense to felony murder (Penal Law § 125.25 [3] [a]). The court's refusal was proper, based on proof that defendant pulled the receiver off the telephone in the victim's home. This amounted to aiding in the commission of the homicide *(see, People v Kampshoff,* 53 AD2d 325, 339-340, *cert denied* 433 US 911). (Appeal from judgment of Ontario County Court, Reed, J.—murder, second degree, and another offense.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.