■ The People of the State of New York, Respondent, v Robin R. Murray, Appellant. ■ Memorandum: On appeal from a conviction of felony murder, first degree robbery, and criminal possession of a weapon in the fourth degree, defendant contends, *inter alia,* that he was deprived of a fair trial by the People's failure to turn over *Brady* and discovery material and that he was prejudiced by the admission of photographs of the victim's body and the crime scene. With respect to the *Brady* and discovery contention, defendant claims that he was denied access to fingerprint reports as well as police reports supporting his alibi (the Bukowski report) or containing information regarding other suspects (the Ligoci reports). The prosecution's evidence made clear that fingerprint testing of the crime scene produced no latent fingerprints matching defendant's and that, consequently, no fingerprint reports were prepared. Defendant produced testimony to the same effect from a fingerprint expert who worked on the investigation. Since defendant used the lack of fingerprint evidence in his case and since no fingerprint reports existed, there was no violation of *Brady* or statutory discovery rules *(People v Cortijo,* 70 NY2d 868, 870; CPL 240.20). Defendant's contention that the People withheld exculpatory police reports must also be rejected. In response to defendant's motion for sanctions for the alleged *Brady* violation, the People demonstrated that the Ligoci reports had been provided to defendant before trial. With respect to the Bukowski report, which concededly was not provided, defendant contends that it contained an exculpatory statement by Marjorie Bukowski, a defense witness. Since

Bukowski's statement to police conformed to her alibi testimony on behalf of defendant, and because defendant was already aware of that statement *(see, People v Fein,* 18 NY2d 162, 170, *appeal dismissed and cert denied* 385 US 649), there was no *Brady* violation. To the extent that defendant was not made aware of the statement of Marty Ellis, contained in the Bukowski report, in which Ellis denied that he was with defendant on the night of the robbery, that statement was not exculpatory and the People had no obligation to reveal it *(see, People v Trudo,* 88 AD2d 1091, 1092-1093).

The admission of the photographs was not error. The determination whether evidence is relevant is entrusted to the discretion of the trial court *(People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998). Photographs of the deceased in a homicide case are admissible if they tend to prove a disputed or material issue or corroborate some other evidence *(People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905). The photographs are probative of the killer's identity since, viewed in conjunction with defendant's incriminating admissions, they tend to connect defendant with the crime *(see, People v Pobliner, supra,* at 361, 369-370). Defendant's statements boasting about the crime contained details which would have been known only to the perpetrator and which dovetailed with the photographic evidence in such manner as to render the photographs admissible *(see, People v Pobliner, supra).* Even if the court erred in admitting the photographs, the error was harmless. The evidence against defendant was compelling and there was no significant probability that the jury would have acquitted the defendant absent the photographic evidence *(see, People v Crimmins,* 36 NY2d 230, 242).

We have considered the remaining contentions raised in defendant's two briefs and conclude that they are without merit. (Appeal from judgment of Supreme Court, Onondaga County, Burke, J.—murder, second degree, and other charges.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.