■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. HULTS, Appellant.—Appeal by the defendant

from a judgment of the County Court, Nassau County (Delin, J.), rendered September 29, 1987, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion to suppress the complainant's testimony.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

On February 5, 1985, the defendant was convicted of sodomizing a 17-year-old girl. This court reversed the defendant's conviction on grounds not relevant to the instant appeal and ordered a new trial (People v Hults, 122 AD2d 857). Prior to the second trial, the defendant moved to suppress the complainant's testimony and sought a Hughes-Tunstall hearing (People v Hughes, 59 NY2d 523; People v Tunstall, 63 NY2d 1), arguing that the victim's testimony was impaired by hypnosis which she underwent a few months after the incident.

Although the trial court has discretion to reopen a suppression hearing or permit the defendant to make a suppression motion for the first time after an appellate court has remitted the case for a new trial, absent newly discovered evidence or a directive in the order remitting the case for a new trial, the defendant is not entitled to a de novo suppression hearing as a matter of right (People v Ball, 99 AD2d 785; see also, People v Sturgis, 112 AD2d 757, lv denied 68 NY2d 817). Since the defendant failed to present any new evidence justifying a Hughes-Tunstall hearing, we cannot conclude that the trial court's denial of his motion without a hearing was an improvident exercise of discretion.

Under the circumstances, the defendant's sentence was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.