■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY FORD, Appellant.—

With respect to the postarrest statements, the statements made by defendant during the booking procedure were not preceded by *Miranda* warnings but neither were they the result of interrogation or its functional equivalent. Defendant made his incriminating admission spontaneously in response to the officer's inquiry whether he was going to be sick *(see, People v Lynes,* 49 NY2d 286, 294-295).

Defendant further contends that it was error for the court to admit four photographs over defendant's objection on grounds of relevance. The determination whether evidence is relevant is entrusted to the discretion of the trial court *(see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998). Even gruesome photographs of a homicide scene are admissible if they tend to prove or disprove a disputed or material issue, illustrate other relevant evidence, or corroborate or disprove some other evidence *(see, People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905). Here, the closeup shots of slug fragments and wadding were properly admitted as probative of the ballistics evidence and their probative value outweighed their potential for prejudice. With respect to exhibit 8, the photograph was probative because it corroborated the testimony of defendant's friend with respect to defendant's description of the shooting *(see, People v Pobliner, supra,* at 361, 369-370). Even if the court erred in admitting exhibit 8, such error is harmless. A number of witnesses gave graphic testimony about the crime scene so that the photograph was merely cumulative of that testimony *(see, People v Bell,* 63 NY2d 796, 797). Moreover, the remainder of the evidence against defendant was overwhelming and there is no significant probability that the jury would have acquitted defendant without the photographic evidence *(see, People v Crimmins,* 36 NY2d 230, 242). (Appeal from judgment of Monroe County Court, Marks, J.—murder, second degree.) Present—Dillon, P. J., Denman, Green, Balio and Lawton, JJ.