■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALI WILLIAMS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the statements he made to the police should have been suppressed on the ground that he did not knowingly and intelligently waive his *Miranda* rights. At the *Huntley* hearing, defendant presented a special education teacher, a diagnostician and a psychologist, all of whom testified that defendant suffered from a severe auditory processing disability which prevented him from understanding or processing information given to him. The diagnostician opined that defendant could not understand the meaning of the *Miranda* warnings even if the words were repeated several times.

In contrast, the People presented the testimony of several police officers who, on other recent occasions, had given defendant *Miranda* warnings. On those occasions, defendant expressed a willingness to talk to them, gave no indication that he did not understand them and appeared to comprehend what was said to him. The People's consulting psychiatrist opined that, based upon his examination of defendant, and his review of defendant's police records, school records and test results, defendant was able to understand and knowingly and voluntarily waive his *Miranda* rights.

In reviewing the determination of the suppression court, great weight must be accorded that court's decision because of its ability to assess the credibility of the witnesses and its findings should not be disturbed unless clearly erroneous *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Bucknor,* 140 AD2d 705, *lv denied* 72 NY2d 1043). An accused of subnormal intelligence may effectively waive his or her *Miranda* rights "so long as it is established that he or she understood the immediate meaning of the warnings" *(People v Williams,* 62 NY2d 285, 287; *see also, People v Matthews,* 148 AD2d 272, 274, *lv dismissed* 74 NY2d 950; *People v Bucknor, supra).* "Whether the defendant knowingly and intelligently waived his rights is a factual question to be determined by the totality of the circumstances, which includes the defendant's limited mental capacity as but one factor" *(People v Matthews, supra,* at 274). Here, the record fully supports the suppression court's finding of an effective waiver and, accordingly, defendant's motion to suppress the statement to the police was properly denied. (Appeal from Judgment of Monroe County

Court, Barrett, J.—Murder, 2nd Degree.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.