■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN W. KASPAREK, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that County Court abused its discretion in summarily denying his motion to suppress the evidence seized from his vehicle. Defendant signed a written consent to the search and did not contend that it was unlawful until more than 300 days had

elapsed after his arraignment. No good cause was shown for his delay, and the motion was properly denied as untimely *(see, People v Turner,* 49 NY2d 925; *People v Colon,* 127 AD2d 678, *affd* 71 NY2d 410, *cert denied* 487 US 1239; *People v Sturgis,* 112 AD2d 757, *lv denied* 68 NY2d 817, 918; *see also,* CPL 710.40 [2]).

We also reject defendant's contention that he was denied a fair trial because his statement to the police was used against him even though the prosecution served no notice pursuant to CPL 710.30. That statement was not used by the People until after defendant had opened the door to its use by eliciting testimony about the statement on cross-examination of a prosecution witness. In these circumstances, there was no error in permitting the statement to be used against defendant *(see, People v Connor,* 157 AD2d 739, *lv denied* 76 NY2d 732; *People v Mitchell,* 155 AD2d 879, *lv denied* 76 NY2d 739; *see also, People v Green,* 155 AD2d 880, *lv denied* 75 NY2d 813).

Finally, we conclude that the trial court, after a probing and tactful inquiry, properly concluded that two jurors were grossly unqualified by reason of juror misconduct and discharged them from the jury *(see,* CPL 270.35; *see also, People v Cannady,* 138 AD2d 616, *lv denied* 71 NY2d 1024; *People v Benson,* 123 AD2d 470, *lv denied* 69 NY2d 708; *see also, People v Lilly,* 139 AD2d 671, *lv denied* 72 NY2d 862).

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.