■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN J. PITSLEY, Also Known as JACQUES GIBEAU, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts each of murder in the second degree (see, Penal Law § 125.25 [1], [3]), burglary in the first and second degrees (see, Penal Law §§ 140.25, 140.30) and grand larceny in the third and fourth degrees (see, Penal Law §§ 155.30, 155.35). The charges arose from two burglaries and the beating death of defendant's father. Defendant contends that County Court erred in denying his motion to suppress his oral and written statements. In reviewing County Court's determination, we must give great weight to the court's decision because of its ability to assess the credibility of the witnesses. Its findings are not to be disturbed unless clearly erroneous (see, People v Prochilo, 41 NY2d 759, 761; People v Williams, 174 AD2d 969, lv denied 78 NY2d 1015). The record supports the suppression court's finding that defendant made an effective waiver of his Miranda rights, and therefore defendant's motion to suppress the oral and written statements to the police was properly denied (see, People v Pierce, 175 AD2d 584; People v Williams, supra).

We also find no error in County Court's Sandoval ruling. In view of defendant's extensive criminal history, the court's ruling reflects that it struck a proper balance between the probative value of the evidence and the risk of unfair prejudice to defendant (see, People v Mattiace, 77 NY2d 269, 275; People v Sandoval, 34 NY2d 371, 375).

We find no error in the jury selection process. Because our review of the record indicates that defendant had not exhausted his peremptory challenges at the time the jury was seated, an erroneous ruling by County Court denying a challenge for cause would not constitute reversible error in any event (see, CPL 270.20 [2]).

Also without merit is defendant's contention that the People's delay in producing the Grand Jury testimony of a prosecution witness warrants reversal (see, CPL 240.45 [1] [a]; People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908, cert denied 368 US 866, rearg denied 14 NY2d 876, 15 NY2d 765). Because defendant has failed to demonstrate that the inadvertent error caused substantial prejudice, there is no basis for a reversal (see, People v Perez, 65 NY2d 154, 159).

There is no merit to defendant's contention that County Court erred by imposing a consecutive sentence. The indictment alleged and defendant was convicted of two burglaries on different premises. Because those were distinct and successive crimes not based on "a single act or omission", County Court was not required to make the sentences run concurrently (Penal Law § 70.25 [2]; *People v Tarnowski*, 148 AD2d 1001, 1002, *lv denied* 74 NY2d 669; *see also, People v Brathwaite*, 63 NY2d 839, 843).

Defendant contends further that County Court erred by admitting a videotape and photographs of the crime scenes and the decedent. Defendant has failed to preserve that argument regarding exhibit 2 and exhibits 4 through 24 *(see,* CPL 470.05 [2]), and we decline to reach it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]). It was within the court's discretion to admit the videotape of the murder scene made by police investigators. The exhibit was not offered solely to arouse the jurors' emotions; it served a legitimate function to illustrate relevant evidence and to corroborate other evidence offered by the People *(see, People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Ford,* 158 AD2d 914, 915, *lv denied* 75 NY2d 966; *see also, People v Ferris,* 105 AD2d 1136). Although County Court erred in receiving a photograph of the decedent taken two years prior to his death, the error was harmless *(see, People v Ford, supra).* The proof of guilt was overwhelming and there was no significant probability that, but for the error, the jury would have acquitted defendant *(see, People v Crimmins,* 36 NY2d 230, 242).

We have considered the remainder of defendant's contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. (Appeal from Judgment of Oswego County Court, Brandt, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.