■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. FEDORA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction of various counts of murder, burglary, grand larceny, and criminal possession of stolen property, for which he received terms of imprisonment aggregating 50 years to life. He contends that Rosario material was improperly withheld from him at the suppression hearing; that his sentence was impermissibly increased; and that he was deprived of a fair trial by the cumulative effect of error in the court's charge on reasonable doubt, prosecutorial misconduct, a reference to defendant's having taken a polygraph test, the admission of gruesome photographs, and the ineffective assistance of counsel.

Defendant's Rosario claim is not preserved and not reviewable on this record. Defense counsel failed to object to the redaction procedure implemented by the District Attorney and the court, did not insist upon seeing the complete prior statements of the witnesses, and did not complain about the extensive redaction. Moreover, because the record does not contain the prior statements of the witnesses in either their redacted or unredacted form, we are unable to address his claim that the court defaulted in its obligation to examine the

documents independently to determine the proper extent of redaction.

Receipt of the photographs was not an abuse of discretion. The determination whether evidence is relevant is entrusted to the discretion of the trial court *(People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998). Even particularly gruesome photographs of a homicide scene or victim are admissible if they bear on a disputed or material fact, illustrate or elucidate other relevant evidence, or corroborate or disprove some other evidence *(People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Murray,* 140 AD2d 949, 950, *lv denied* 72 NY2d 960). Photographic evidence should be excluded only if its sole purpose is to arouse the passions or emotion of the jury and to prejudice the defendant *(People v Pobliner, supra,* at 370; *People v Arca,* 72 AD2d 205, 207). We conclude that the photographs were properly admitted because any prejudice was outweighed by their relevancy on the material issue of the killer's identity. Because the photographs closely dovetailed with defendant's admissions, they served to corroborate those admissions *(see, People v Pobliner, supra; People v Ford,* 158 AD2d 914, 915, *lv denied* 75 NY2d 966; *People v Murray, supra).*

Imposition of a greater sentence following vacatur of defendant's plea did not deprive defendant of due process *(see, People v Miller,* 65 NY2d 502, 509-511, *cert denied* 474 US 951). The court's charge on reasonable doubt did not deprive defendant of a fair trial. The prosecutor's comments were inconsequential, as was a witness' inadvertent reference to the polygraph. Finally, we conclude that defendant received the effective assistance of counsel. (Appeal from Judgment of Jefferson County Court, Elliott, J.—Murder, 2nd Degree.) Present—Denman, P. J., Boomer, Balio, Lawton and Fallon, JJ.