■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WILLIAM SILER, Appellant. [602 NYS2d 256] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention that, because defendant's warrantless arrest was unlawful under *Payton v New York* (445 US 573, 590; *see, People v Harris,* 77 NY2d 434), defendant's statements and certain physical evidence should have been suppressed. Defendant was not arrested in his own apartment but in the common hallway of a four-apartment building, where he had broken into an apartment, and thus had no reasonable expectation of privacy *(see, People v Lewis,* 172 AD2d 775, 776, *lv denied* 78 NY2d 969; *People v Marzan,* 161 AD2d 416, *lv denied* 76 NY2d 860). The fact that defendant entered the hallway at the suggestion of a police officer did not render the arrest unlawful *(see, People v Minley,* 68 NY2d 952). With respect to the hallway, defendant failed to satisfy his burden of establishing that he had a reasonable expectation of privacy in that common area of the building *(see, People v Rodriguez,* 69 NY2d 159, 163; *People v Green,* 134 AD2d 865, 866, *lv denied* 71 NY2d 897).

Although the police had probable cause to arrest defendant before taking him into custody, their failure to file a felony information and to obtain an arrest warrant before arresting him did not affect the admissibility of the seized evidence or of his statements. As Supreme Court correctly observed in its amended decision, the police are not required to file an accusatory instrument and obtain an arrest warrant every time they have probable cause to arrest, regardless of the circumstances. Here, unlike *People v Cooper* (101 AD2d 1), the statements and evidence seized were not tainted by post-arrest "unnecessary delay" in filing an accusatory instrument, the time when defendant's right to counsel would attach (CPL 140.20 [1]; *People v Blake,* 35 NY2d 331).

Supreme Court properly rejected the contentions that the *Miranda* warning was improperly administered and that defendant was mentally incapable of waiving his rights. Unless clearly erroneous, a hearing court's findings should not be disturbed *(People v Prochilo,* 41 NY2d 759, 761; *People v Pitsley,* 185 AD2d 645, *lv denied* 81 NY2d 792; *People v Williams,* 174 AD2d 969, *lv denied* 78 NY2d 1015). The record supports Supreme Court's findings that defendant was fully informed of his *Miranda* rights and that his waiver of them was knowing, voluntary and intelligent.

Defendant was not deprived of the right to be present when

prospective jurors and a sworn juror were questioned at the bench by the court. Because the trial was held before *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759), defendant had no right to be present at bench conferences unless they "concern[ed] the very same witnesses and events which were to be involved in the case to be tried" *(People v Mitchell,* 80 NY2d 519, 529). With respect to the sidebars during trial, the record discloses that, in the circumstances here, defendant's presence would have been " 'useless, or the benefit but a shadow.' *(Snyder v Massachusetts,* 291 US [97,] at, 106-107)" *(People v Velasco,* 77 NY2d 469, 473; *see also, People v Sloan,* 79 NY2d 386, 392).

Given the nature of the crime, defendant's sentence is neither harsh nor excessive. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.