■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. BECKER, Appellant. [629 NYS2d 885] —Judgment unanimously affirmed. Memorandum: Defendant was not denied the right to be present at a material stage of trial when defense counsel and the prosecutor reached a *Sandoval* compromise outside of his presence. Although the better practice would have been to have defendant present "during every colloquy relating to the *Sandoval* question" *(People v Favor,* 82 NY2d 254, 268, *rearg denied* 83 NY2d 801), reversal is not required. Prior to trial, in defendant's presence, Supreme Court explained the terms of the attorneys' stipulation. The court asked defendant if he understood the terms of the stipulation and if he consented to it. Defense counsel indicated that he had discussed the *Sandoval* compromise with defendant. Defendant then stated that he understood and consented to the stipulation. The record supports the conclusion that defendant waived his right to be present *(see generally, People v Spotford,* 85 NY2d 593).

The totality of the circumstances supports the conclusion of the suppression court that defendant knowingly, voluntarily and intelligently waived his *Miranda* rights *(see, People v Siler,* 197 AD2d 842, *lv denied* 82 NY2d 903; *People v Denis,* 181

AD2d 1017, *lv denied* 79 NY2d 1048; *People v Hill,* 175 AD2d 603). Defendant's present argument that the People's CPL 710.30 notice was incomplete is not preserved for our review *(see,* CPL 470.05 [2]). The evidence is sufficient to support the verdict and the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The evidence of extensive use of drugs by defendant, his knowledge of drug terminology and his familiarity with the packaging of drugs for sale is sufficient to support an inference that defendant knew that he possessed a narcotic substance with an aggregate weight of ¹/₈ ounce *(see, People v Ryan,* 82 NY2d 497, 505). Defendant did not object to the court's charge on circumstantial evidence, thereby failing to preserve for our review his present argument concerning its propriety *(see,* CPL 470.05 [2]). In any event, the charge as given adequately conveyed to the jury the proper basis for evaluating circumstantial evidence *(see, People v Ford,* 66 NY2d 428, 441; *People v Sanchez,* 61 NY2d 1022, 1024; *People v Porter,* 179 AD2d 1018, 1019, *lv denied* 79 NY2d 1006). We decline to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Wesley, Doerr and Balio, JJ.