■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS ADAMS, Appellant. [639 NYS2d 428] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered December 20, 1993, convicting him of assault in the first degree, criminal use of a firearm in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

It is well settled that a police officer may arrest a person without a warrant when the officer has probable cause to believe that the person has committed a crime. Probable cause may be supplied, in whole or in part, through hearsay information (see, People v Johnson, 66 NY2d 398). Hearsay information provided to the police by an identified citizen is presumed to be reliable (see, People v Chipp, 75 NY2d 327, 339-340, cert denied 498 US 833; People v Crowder, 198 AD2d 369). Such information may serve as the basis for a warrantless arrest if it appears, in the language of the Aguilar-Spinelli test, that the informant has some basis of knowledge for the information transmitted to the police (see, People v Johnson, supra, at 402).

The informant in this case, an identified citizen, was reliable and, as the victim of the crime, he had some basis of knowl-

edge for the information that he gave to the police. Thus, he provided the police with probable cause to arrest the defendant, and the branch of the defendant's omnibus motion which was to suppress his statements to the police was properly denied.

The testimony regarding a prior uncharged crime by the defendant was properly admitted into evidence. The uncharged crime was so inextricably interwoven with the admissible evidence that it was necessary to understand the other parts of the testimony *(see, People v Ventimiglia,* 52 NY2d 350, 361, citing *People v Vails,* 43 NY2d 364).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.