■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD WALLACE, Appellant. [747 NYS2d 759] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered November 6, 2000, convicting defendant, after a jury trial, of three counts of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to consecutive terms of 20 years to life, unanimously affirmed.

The court properly exercised its discretion in admitting testimony that defendant confessed to a considerably larger number of robberies than the number of robberies upon which he was brought to trial. Given the issues raised at trial, this testimony was necessary to establish the context of defendant's confessions to the charged crimes, particularly since it was not entirely clear which of the many similar robberies to which defendant confessed corresponded to the robberies for which he was tried. Any prejudicial effect was minimized by the court's

instructions, which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102). Defendant's related contentions concerning the court's charge and the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

Defendant was properly sentenced as a persistent violent felony offender. On defendant's prior appeal (250 AD2d 398), this Court reversed and remanded for a new trial. At defendant's sentencing following retrial, the court relied upon the persistent violent felony adjudication made after the first trial, which adjudication was not at issue on the prior appeal. We reject defendant's argument that the reversal of his first conviction entitled him to a new persistent violent felony proceeding. In the first place, a predicate felony finding is "binding upon [the] defendant in any future proceeding in which the issue may arise" (CPL 400.21 [8]). Furthermore, a multiple felony offender proceeding is analogous to a suppression hearing, which need not be repeated or reopened following a remand for a new trial "absent newly discovered evidence or a directive in the order remitting the case for a new trial" (*People v Hults*, 150 AD2d 726, 727, *affd* 76 NY2d 190; *see also People v Nieves*, 67 NY2d 125, 137 n 5; *People v Miller*, 65 NY2d 502, 511-512, *cert denied* 474 US 951; *cf. People v Evans*, 94 NY2d 499, 505 [factual, nondiscretionary determinations generally binding on successor justices under "law of the case" doctrine]).

The sentence imposed was not vindictive (*People v Young*, 94 NY2d 171).

On defendant's prior appeal we determined that the contention now raised in his pro se supplemental brief was both unpreserved and without merit, and there is no reason to depart from those determinations. Concur—Williams, P.J., Tom, Mazzarelli, Sullivan and Gonzalez, JJ.