■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ROMERO, Appellant. [765 NYS2d 786] —Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), rendered November 21, 2000, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, and judgment, same court (William Mogulescu, J.), rendered May 9, 2001, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a concurrent term of 16 years to life, unanimously affirmed.

The court properly denied defendant's challenge for cause. The prospective juror's responses did not cast doubt on his ability to be fair, or his ability or willingness to follow the court's instructions (*see People v Arnold*, 96 NY2d 358, 366-368 [2001]). Concur—Mazzarelli, J.P., Andrias, Ellerin, Friedman and Gonzalez, JJ.

■ MARY ANN SPINALE et al., Appellants, v TENZER GREENBLATT, LLP, Respondent. [765 NYS2d 786] —Order, Supreme Court, New York County (Walter Tolub, J.), entered April 15, 2002, which granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

In determining the applicable statutory period, the reality and essence of a cause of action, rather than what its proponent has named it, governs (*see Bunker v Bunker*, 80 AD2d 817, 818 [1981], citing *Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264 [1937]). Although plaintiffs pleaded causes of action nominally for restitution and unjust enrichment, those causes are based on the same allegations as their causes for legal malpractice. Accordingly, plaintiffs' causes are governed by the three-year limitations period for legal malpractice (CPLR 214 [6]) and, as such, are time-barred. Concur—Andrias, J.P., Ellerin, Friedman and Gonzalez, JJ.