THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NACHE AFRIKA, Appellant. [779 NYS2d 692]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered December 20, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, rape in the first degree and sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the motion to suppress is granted and the matter is remitted to Erie County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). We agree with defendant that County

Court erred in denying his suppression motion and that reversal therefore is required.

Police in Erie County obtained information leading them to consider defendant a suspect in a robbery and sexual assault case in Erie County. Further investigation revealed that defendant had previously been convicted of rape and had recently been implicated in a rape case in Monroe County that was dismissed. A semen sample taken from the victim of the Monroe County case was compared to a semen sample taken from the victim of the Erie County case, and a forensic serologist concluded that the donor of the sample in the Monroe County case could not be excluded as the donor of the sample in the Erie County case. Based on that conclusion, the People moved for an order permitting them to obtain a blood sample from defendant (see CPL 240.40 [2] [b]). In support of that motion, the People submitted an affidavit from the prosecutor and the lab analysis reports comparing the two semen samples. The court granted the motion, and the blood sample taken from defendant was used not only in the Erie County case but also in a subsequent prosecution in Monroe County. Supreme Court, Monroe County (Kenneth R. Fisher, J.), granted defendant's motion to suppress the evidence obtained from that blood sample in the Monroe County case (People v Afrika, 189 Misc 2d 821 [2001]). We agree with the reasoning of Justice Fisher in his decision therein, and thus we conclude that defendant's motion to suppress the evidence in the Erie County case should have been granted.

It is well settled that, in order to establish their entitlement to an order permitting them to obtain a blood sample from a suspect, the People must establish, inter alia, probable cause to believe that the suspect has committed the crime (see Matter of Abe A., 56 NY2d 288, 291 [1982]; People v King, 232 AD2d 111, 116 [1997], lv denied 91 NY2d 875 [1997]; People v Shields, 155 AD2d 978 [1989], lv denied 75 NY2d 818 [1990]). Probable cause "may be supplied, in whole or part, through hearsay information," provided that the hearsay information satisfies the Aguilar-Spinelli test (People v Johnson, 66 NY2d 398, 402 [1985]; see People v Hetrick, 80 NY2d 344, 348 [1992]) or the " 'fellow-officer' rule" (People v Ramirez-Portoreal, 88 NY2d 99, 113 [1996]). In this case, the evidence establishing that defendant was the donor of the semen sample in the Monroe County case that was dismissed cannot be established without resort to hearsay information. In support of their motion for an order permitting them to obtain a blood sample from defendant, the People failed to cite any source for that hearsay information,

such as an affidavit from the victim in that case or a police report identifying the victim and containing her allegations. We conclude that, without consideration of the unsupported hearsay information, the People failed to establish the requisite probable cause to believe that defendant committed the Erie County crimes. Defendant's suppression motion therefore should have been granted.

Finally, we note that the People rely on the doctrine of inevitable discovery, based on submissions made in opposition to defendant's CPL 330.30 motion. That reliance is misplaced. Just as a defendant may not rely upon trial evidence to challenge a court's ruling on a suppression motion (*see People v Pucci,* 5 AD3d 1099 [2004]), the People may not rely upon posttrial evidence submitted in opposition to a posttrial motion to set aside the verdict to support the court's otherwise erroneous ruling on a suppression motion. In view of our determination, we see no need to address defendant's remaining contentions. Present—Pine, J.P., Hurlbutt, Gorski and Lawton, JJ.