THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NACHE AFRIKA, Appellant. [787 NYS2d 774]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered July 12, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the first degree (Penal Law § 160.15 [4]) and sodomy in the first degree (former § 130.50 [1]). After defendant successfully moved to suppress evidence from his blood sample taken by Erie County authorities in another case (*People v Afrika*, 189 Misc 2d 821 [2001]; *see People v Afrika*, 9 AD3d 876, 877 [2004], *rearg granted* 11 AD3d 1046 [2004]), he moved to dismiss the indictment herein. Defendant contends in his pro se supplemental brief that Supreme Court erred in denying his motion because suppression of the blood test results undermined the legal sufficiency of the evidence underlying the indictment. That contention is not reviewable on this appeal (*see* CPL 210.30 [6]; *People v Whitaker*, 302 AD2d 904 [2003], *lv denied* 100 NY2d 543 [2003]).

After the court suppressed the blood test results, the People moved for another order authorizing them to obtain a sample of defendant's blood. Contrary to the contentions of defendant in his main brief and his pro se supplemental brief, the court properly granted the motion. We note at the outset that we reject the contention of the People that they could obtain a sample of defendant's blood without a showing of probable cause. Although CPL 240.40 (2) (b) (v) does not explicitly require a showing of probable cause, that section is "subject to constitutional limitation" (240.40 [2]). In *Matter of Abe A.* (56 NY2d 288, 291, 295-296 [1982]), the Court of Appeals determined that probable cause must be shown before obtaining a blood sample from a defendant in order to safeguard his or her Fourth Amendment rights. Thus, CPL 240.40 does not vitiate the requirement that the People must establish probable cause before obtaining an order authorizing them to obtain a blood sample from a defendant (*see generally People v Hammonds*, 1 Misc 3d 880, 882 [2003]).

We agree with the alternative contention of the People, however, that they established probable cause for the order authorizing them to obtain a blood sample from defendant. Defendant was convicted of an unrelated crime (*People v Afrika*, 291 AD2d 880 [2002], *lv denied* 98 NY2d 648 [2002]) and, pursuant to Executive Law § 995-c (3), he was ordered to provide a blood sample for DNA testing in August 2001. Defendant's DNA profile was entered in the computerized state DNA identification index by the New York State Police Forensic Investigation Center (NYSPFIC). The DNA profile from the semen sample taken from the victim in this case was previously entered in

that identification index. In September 2001 the Director of Biological Science for NYSPFIC sent a letter to the Monroe County Public Safety Laboratory, with a copy to the prosecutor in this case, informing them of a "potential investigative lead," i.e., that a search of the index "has resulted in a DNA match" between the DNA profile of defendant and that of the semen sample taken from the victim in this case. Contrary to defendant's contention, the statement in that letter was sufficient to establish probable cause for the order authorizing the People to obtain a sample of defendant's blood.

In any event, we further conclude that the People also established probable cause for the order at issue through a comparison by a forensic serologist of the semen samples taken from the victim of a rape case and the victim in this case. The serologist concluded therein that the donor of the sample in the rape case could not be excluded as the donor of the sample in this sodomy case, and that the probability of an unrelated African-American having the same DNA profile in both investigations was approximately 1 in 5,920. In a prior case that relied on that same evidence, we determined that the People failed to establish probable cause to obtain a blood sample because they failed to cite any source for the hearsay information that defendant was the donor of the semen sample in the rape case (*Afrika*, 9 AD3d at 877-878). In this case, however, the prosecutor herein had prosecuted that rape case, and he stated that the victim in that case, whom he identified by name, told him that defendant was the person who raped her. The victim of that rape case was familiar with defendant because they had dated sporadically. Contrary to defendant's contention, the court properly relied upon the hearsay information (*see People v Martinez*, 298 AD2d 897, 898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963, [2003] *reh denied* 539 US 911 [2003]; *see also People v Rios*, 11 AD3d 641 [2004]; *People v Adams*, 224 AD2d 703, 703-704 [1996], *lv denied* 88 NY2d 844 [1996]).

Defendant further contends that, because the grand jury returned a no-bill on the rape case, the use herein of the prosecutor's statements and the semen sample taken from the victim in the rape case violated CPL 160.50. We reject that contention. In any event, any violation of CPL 160.50 would not warrant suppression of that evidence (*see People v Patterson*, 78 NY2d 711, 717-718 [1991]; *People v Torres*, 291 AD2d 273, 274 [2002], *lv denied* 98 NY2d 681 [2002]). The remaining contentions of defendant in his pro se supplemental brief concerning the propriety of the order authorizing the People to obtain a blood sample from him are not preserved for our review (*see* CPL 470.05 [2]), and in any event are without merit.

We reject the contention of defendant in his main brief and his pro se supplemental brief that the court erred in denying his *Batson* challenges with respect to two prospective jurors. We agree with defendant that the issue whether he made a prima facie showing of discrimination is moot (*see People v Smocum*, 99 NY2d 418, 422-423 [2003]; *People v Payne*, 88 NY2d 172, 181-182 [1996]). The court directed the prosecutor to set forth her race-neutral reasons and then "focused on the credibility of the race-neutral reasons," which is the third step in the *Batson* inquiry and renders moot the first step (*Smocum*, 99 NY2d at 422). We agree with the People, however, that defendant failed to meet his ultimate burden of establishing that the prosecutor's race-neutral reasons were a pretext for intentional discrimination (*see People v Welch*, 298 AD2d 903 [2002], *lv denied* 99 NY2d 565 [2002]; *People v Brown*, 269 AD2d 817, *lv denied* 95 NY2d 794 [2000]). We reject the further contention of defendant in his pro se supplemental brief that the court erred in denying his challenge for cause with respect to a prospective juror. The statements of that prospective juror did not "raise a serious doubt regarding [his] ability to be impartial" (*People v Chambers*, 97 NY2d 417, 419 [2002]; *see* CPL 270.20 [1] [b]; *People v Ross*, 12 AD3d 463 [2004]; *People v Romero*, 309 AD2d 632 [2003], *lv denied* 1 NY3d 579 [2003]; *People v Pemberton*, 305 AD2d 430 [2003], *lv denied* 100 NY2d 564 [2003]).

Defendant failed to preserve for our review his contention that the robbery conviction is not supported by legally sufficient evidence because there was no testimony that the store was permanently deprived of money (*see People v Gray*, 86 NY2d 10, 19 [1995]), and in any event that contention is without merit. The witnesses testified that defendant emptied the contents of the safe and placed the money in a shopping cart. The People thus established the taking element of a larceny (*see* Penal Law § 155.05) by establishing that defendant "exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (*People v Jennings*, 69 NY2d 103, 118 [1986]; *see People v Yusufi*, 247 AD2d 648, 649 [1998], *lv denied* 92 NY2d 863 [1998]). We reject the further contention of defendant in his pro se supplemental brief that he was convicted of unindicted crimes of robbery. Defendant's theft of money from the store safe and from the wallets of the two victims "was 'part and parcel of the continuous conduct' " that constituted one act of robbery (*People v Watkins*, 300 AD2d 1070, 1071 [2002], *lv denied* 99 NY2d 659 [2003]; *see People v Gianni*, 303 AD2d 1012, 1012-1013 [2003], *lv denied* 100 NY2d 581 [2003]; *see also People v Bryan*, 270 AD2d 875 [2000], *lv denied* 95

NY2d 904 [2000]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the contention of defendant in his main brief and his pro se supplemental brief, the use of the term "mathematical certainty" in the court's charge to the jury on reasonable doubt did not diminish the People's burden of proof in this case (*see People v Lyng*, 154 AD2d 787, 789 [1989], *lv denied* 74 NY2d 950 [1989]; *see also People v Malloy*, 55 NY2d 296, 300 [1982], *cert denied* 459 US 847 [1982]). The "prosecution's burden of establishing guilt beyond a reasonable doubt . . . was clearly conveyed to the jury" (*People v Reed*, 140 AD2d 881, 883 [1988], *lv denied* 72 NY2d 960 [1988]). The contention of defendant in his pro se supplemental brief that the court erred in its circumstantial evidence charge is not preserved for our review (*see People v McNerney*, 6 AD3d 1107, 1108 [2004], *lv denied* 3 NY3d 678 [2004]; *People v Kairis*, 4 AD3d 806 [2004], *lv denied* 2 NY3d 763 [2004]). In any event, his contention is without merit (*see People v Becker*, 216 AD2d 858, 859 [1995], *lv denied* 86 NY2d 790, 87 NY2d 898 [1995]). The court instructed the jury in substance "that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence" (*People v Sanchez*, 61 NY2d 1022, 1024 [1984]; *see People v Horace*, 277 AD2d 957, 958 [2000], *lv denied* 96 NY2d 784 [2001]).

Defendant contends in his pro se supplemental brief that the court erred in failing to use his proposed charge in instructing the jury with respect to evaluating the credibility of expert witnesses. We are unable to review that contention, however, because the proposed charge is not included in the record on appeal (*see People v Dilbert*, 1 AD3d 967, 967-968 [2003], *lv denied* 1 NY3d 626 [2004]; *see also People v Ross*, 7 AD3d 821, 822-823 [2004], *lv denied* 3 NY3d 662 [2004]). Defendant further contends in his pro se supplemental brief that he was denied his right to be present at a material stage of trial. Although the record indicates that defendant was absent when the court and the attorneys discussed the court's charge and a note from the jury, defendant's presence was not required during those discussions because they "involve[d] only questions of law or procedure" (*People v Rodriguez*, 85 NY2d 586, 591 [1995]; *see People v Rodriguez*, 76 NY2d 918, 921 [1990]). We reject the further contention of defendant that his statutory right to be present during the supplementary jury instructions was violated (*see* CPL 310.30; *People v Andrew*, 1 NY3d 546, 547 [2003]). That conten-

tion is based on the fact that the record does not indicate whether defendant had returned to the courtroom when the jury was brought in for those instructions. We conclude that defendant thereby "failed to come forward with substantial evidence to rebut the presumption of regularity that attaches to all criminal proceedings" (*Andrew*, 1 NY3d at 547; *see McNerney*, 6 AD3d at 1108-1109).

Finally, we reject the contention of defendant in his pro se supplemental brief that the court abused its discretion in admitting in evidence a photograph of the victim depicting his injury (*see generally People v Stevens*, 76 NY2d 833, 835 [1990]; *People v Murray*, 140 AD2d 949, 950 [1988], *lv denied* 72 NY2d 960 [1988]). In any event, any error in the admission of the photograph is harmless because "[t]he evidence against defendant was compelling and there was no significant probability that the jury would have acquitted the defendant absent the photographic evidence" (*Murray*, 140 AD2d at 950; *see People v Gordon*, 131 AD2d 588, 589-590 [1987], *lv denied* 70 NY2d 750 [1987]). Present—Hurlbutt, J.P., Scudder, Kehoe and Hayes, JJ.