■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. COKE, Appellant. [817 NYS2d 545]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered February 11, 2004. The judgment convicted defendant, upon a jury verdict, of, inter alia, rape in the first degree (three counts), rape in the second degree (four counts), assault in the second degree, and sodomy in the second degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of rape in the first degree (Penal Law § 130.35 [1]) and one count of assault in the second degree (§ 120.05 [2]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to establish the physical injury element of assault in the second degree (*see* § 10.00 [9]; *People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]). We reject the further contention of defendant that

he was denied his right to be present at all material stages of his trial when *Sandoval* and precharge conferences were conducted in his absence. The record establishes that defendant waived his right to be present at the *Sandoval* conference (*see People v Becker*, 216 AD2d 858 [1995], *lv denied* 86 NY2d 790, 87 NY2d 898 [1995]), and his presence at the precharge conference was not required because it "involve[d] only questions of law or procedure" (*People v Rodriguez*, 85 NY2d 586, 591 [1995]; *see People v Afrika*, 13 AD3d 1218, 1222 [2004], *lv denied* 4 NY3d 827 [2005]). The sentence is not unduly harsh or severe. We have reviewed the contentions in defendant's pro se supplemental brief and conclude that none requires reversal. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Green, JJ.