THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NACHE AFRIKA, Appellant. [914 NYS2d 542]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered May 2, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, rape in the first degree and sodomy in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). We previously reversed the judgment convicting defendant of the same offenses and granted defendant a new trial (*People v Afrika*, 9 AD3d 876 [2004], *amended on rearg* 11 AD3d 1046 [2004]), and the judgment now on appeal is the result of the retrial. Defendant contends that he was denied his right to a speedy trial pursuant to CPL 30.30 based on prereadiness and postreadiness delay following our remittal. We reject that contention. Based on our review of the record, we conclude that most of the prereadiness delay was excludeable (*see* CPL 30.30 [4] [a], [b], [f]). Contrary to the defendant's contentions, the People's announcement of readiness for trial was not illusory (*see generally People v Kendzia*, 64 NY2d 331, 337 [1985]), and any postreadiness delay did not impact the People's ability to proceed to trial (*see People v Carter*, 91 NY2d 795, 799 [1998]). The further contentions of defendant concerning delays occurring after County Court denied his speedy trial motion are not preserved for our review (*see People v Goode*, 87 NY2d 1045, 1047 [1996]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Following remittal, defendant moved to dismiss the original indictment on the ground that the evidence presented to the grand jury, excluding the DNA evidence suppressed by our decision in the prior appeal (*Afrika*, 9 AD3d at 876), was legally insufficient to support a conviction. It is well established that "[t]he validity of an order denying any motion [to dismiss an indictment for legal insufficiency of the grand jury evidence] is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]). Nevertheless, defendant contends that, despite his characterization of the motion to dismiss as one based on the legal sufficiency of the grand jury evidence, the motion was actually a motion to dismiss based on a legal impediment to the conviction pursuant to CPL 210.20 (1) (h) and that the court erred in denying that motion. Even assuming, arguendo, that defendant's contention is preserved for our review and is properly before us, we conclude that it lacks merit. There is "a distinction between evidence subject to a per se exclusionary rule that is never sufficient to support an indictment and evidence that is sufficient to support a prima facie case before the [g]rand [j]ury but is later proven unreliable" (*People v Gordon*, 88 NY2d 92, 96 [1996]; *see People v Swamp*, 84 NY2d 725, 731-732 [1995]). The fact that the DNA evidence was later determined to be inadmissible does not create a legal impediment to defendant's conviction (*cf. Swamp*, 84 NY2d at 732).

Defendant further contends that the court lacked jurisdiction to try him on the original indictment because, once he was arraigned on the superseding indictment, the original indictment was automatically dismissed and could not be reinstated. We reject that contention. Because the People improperly filed a superseding indictment (*see* CPL 40.30 [3]), that indictment must be deemed a nullity and "any action or consequence that flowed from its filing—here, the dismissal of the original indictment— was necessarily a nullity as well. In the absence of any constitutional or statutory double jeopardy bar, the . . . court possessed inherent authority to reinstate the original indictment after dismissing the superseding indictment" (*People v Frederick*, 14 NY3d 913, 916-917 [2010]; *see also People v Clarke*, 55 AD3d 1447, 1448 [2008], *lv denied* 11 NY3d 923 [2009]).

As in the prior appeal, defendant challenges the People's use of DNA evidence obtained from a sample taken from defendant before trial. Here, however, we conclude that there was no basis to suppress that DNA evidence obtained prior to the retrial. The People's application for a buccal swab was supported by probable cause (*see Matter of Abe A.*, 56 NY2d 288, 291 [1982])

and, contrary to defendant's contention, that application did not rely on previously suppressed evidence. Contrary to defendant's further contention, there was no *Crawford* violation because *Crawford* applies only to testimonial evidence that is presented at trial (*see People v Leon*, 10 NY3d 122, 125 [2008], *cert denied* 554 US 926 [2008]; *see generally Melendez-Diaz v Massachusetts*, 557 US —, 129 S Ct 2527 [2009]; *Crawford v Washington*, 541 US 36 [2004]).

Defendant was not entitled to a hearing to challenge his predicate felon status (*see People v Wallace*, 298 AD2d 130 [2002], *lv denied* 99 NY2d 565 [2002]), and he was properly sentenced to consecutive sentences (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Bailey*, 17 AD3d 1022 [2005], *lv denied* 5 NY3d 803 [2005]). The sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced as a second felony offender, and it must therefore be amended to reflect that he was sentenced as a second violent felony offender (*see People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.