People v Zabala (2021 NY Slip Op 50930(U))

[*1]

People v Zabala (Wilmer)

2021 NY Slip Op 50930(U) [73 Misc 3d 129(A)]

Decided on October 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570239/18

The People of the State of New York,
Respondent,
against
Wilmer Zabala, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Judy H. Kim, J.), rendered March 20, 2018, convicting him, upon his plea of
guilty, of driving while impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (Judy H. Kim, J.), rendered March 20, 2018, affirmed.
The findings of a suppression court are entitled to great deference and should not be
disturbed unless clearly erroneous (see People v Prochilo, 41 NY2d 759, 761 [1977]).
Here, the judge who heard the testimony and viewed the Intoxicated Driver's Testing Unit
[IDTU] room video, was warranted in finding that defendant's comprehension of English was
sufficient to enable him to understand and waive his Miranda rights (see People v Jin
Cheng Lin, 26 NY3d 701, 725-727 [2016]; People v Williams, 62 NY2d 285, 289
[1984]; People v Fuentes, 185
AD3d 960, 961 [2020]; People v
Mena, 161 AD3d 542, 543 [2018], lv denied 32 NY3d 939 [2018]). Although
the video showed that during the Intoxilyzer Test, defendant twice indicated that he did not speak
English, the credited evidence established that defendant understood English and conversed with
the officers in English both before and after the test. Specifically, defendant answered the
English-speaking officer's inquiries at the scene, followed his English-language instruction to
take a portable breath test, and gave no indication that he did not understand the questions or
needed any assistance from an interpreter. Defendant also completed the coordination tests based
upon English-language instruction. Moreover, defendant affirmatively indicated his
understanding of the Miranda rights as they were read to him in English, and answered
numerous questions in English related to his driving, i.e. where he was going, where he was
coming from, and his eating and drinking. As the suppression court noted, "While some of
defendant's answers were indirectly responsive, the nature of his answers suggests he was trying
to avoid answering the questions rather than responding to questions he did not understand."
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 1, 2021