Venkateswaran v Wilmers (2021 NY Slip Op 50936(U))

[*1]

Venkateswaran v Wilmers

2021 NY Slip Op 50936(U) [73 Misc 3d 129(A)]

Decided on October 5, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570101/21

Srinivasan Venkateswaran,
Plaintiff-Respondent, 
against
Frederick J. Wilmers, and Jonie Fu Wilmers,
Defendants-Appellants.

Defendants appeal from so much of an order of the Civil Court of the City of New York,
New York County (Carol R. Sharpe, J.), dated August 31, 2020, which denied their motion to
dismiss the complaint as time-barred.

Per Curiam.
Order (Carol R. Sharpe, J.), dated August 31, 2020, reversed, with $10 costs, motion granted
and complaint dismissed.
In 2011, plaintiff contracted to purchase defendants' cooperative apartment. Paragraph 4.1.6
of the contract of sale stated that the "[s]eller[s] ha[ve] not made any material alterations or
additions to the Unit . . . without compliance with all applicable law." In 2018, the cooperative
board discovered that defendants were issued a permit for plumbing work in the apartment in
1992, that the permit was still "open," and required plaintiff, as current owner, to correct the
condition. In 2019, plaintiff commenced the instant action alleging, inter alia, that the
misrepresentations made in Paragraph 4.1.6 of the contract fraudulently induced him to purchase
the unit.
In determining the applicable statute of limitations, the reality and essence of a cause of
action, rather than what its proponent has named it governs (see Brick v Cohn-Hall Marx
Co., 276 NY 259 [1937]; Spinale v Tenzer Greenblatt, 309 AD2d 632 [2003]). The
basis of this action is the contract of sale. The fraud alleged by plaintiff is based solely on
"representations made in the [contract]" (Varo, Inc. v Alvis PLC, 261 AD2d 262, 265
[1999], lv denied 95 NY2d 767 [2000]; see Iken v Bohemian Brethren Presbyt. Church, 162 AD3d 594
[2018]), and plaintiff alleges no misrepresentations collateral or extraneous to the contract
(see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; RGH Liquidating Trust v Deloitte &
Touche LLP, 47 AD3d 516, 517 [2008], lv dismissed 11 NY3d 804 [2008];
Duane Thomas LLC v 62 Thomas Partners, 300 AD2d 52 [2002], lv denied 100
NY2d 513 [2003]). Thus, the falsity of [*2]the representation in
Paragraph 4.1.6 amounted to a breach of the contract (see Brick v Cohn-Hall-Marx Co.,
276 NY at 264; Miller v Columbia Records, 70 AD2d 517 [1979], appeal
dismissed 48 NY2d 629 [1979]). Courts will not apply the fraud statute of limitations "if the
fraud allegation is only incidental to the claim asserted; otherwise fraud would be used as a
means to litigate stale claims" (Powers Mercantile Corp. v Feinberg, 109 AD2d 117, 120
[1985], affd 67 NY2d 981 [1986]). In this case, plaintiff's allegation of fraud "does not
change the nature of the action ... in our judgment, from an action upon contract to an action
upon fraud within the meaning and purpose of this Statute of Limitations" (Brick v
Cohn-Hall-Marx Co., 276 NY at 264).
Since a valid contract exists governing the subject matter in dispute, the cause of action for
unjust enrichment, indistinguishable from a breach of contract claim, is untenable (see IDT Corp. v Morgan Stanley Dean
Witter & Co., 12 NY3d 132, 142 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 5, 2021