■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEAUREGARD MAY, Appellant. [595 NYS2d 165] —Judgment unanimously affirmed. Memorandum: A Monroe County Sheriff's Deputy testified that during the early morning hours of December 30, 1990, he observed a car pass through a red traffic signal at the intersection of West Henrietta and Bailey Roads in the Town of Henrietta without stopping. The deputy activated his siren and turret lights and stopped the car. Defendant, the driver, produced a valid driver's license. The deputy, however, smelled the odor of alcohol on defendant's breath and noticed that defendant's eyes were bloodshot and glassy and that his speech was slurred. The deputy asked defendant to get out of the car and he complied. The deputy observed, in plain view on the front seat, two plastic bags that contained numerous small packets filled with a white powdery substance that upon analysis proved to be cocaine. Defendant was arrested for operating a motor vehicle while in an intoxicated condition. Thereafter, he was charged in an indictment with various counts of criminal possession of a controlled substance.

Defendant contends that the suppression court erred in denying his motion to suppress the cocaine. We disagree. The findings of fact made by the suppression court, which had the opportunity to observe the demeanor of the witnesses and to

assess their credibility, are entitled to great weight and will not be disturbed unless clearly erroneous (see, People v Prochilo, 41 NY2d 759, 761; People v Pitsley, 185 AD2d 645; People v Williams, 174 AD2d 969, lv denied 78 NY2d 1015).

The suppression court's findings are amply supported by the record. The deputy was authorized to stop defendant's car for a suspected violation of the Vehicle and Traffic Law (see, People v Ellis, 62 NY2d 393, 396; People v Ingle, 36 NY2d 413; People v Vaneiken, 166 AD2d 308; People v Rodriguez, 165 AD2d 705, 706, lv denied 76 NY2d 1024). Thereafter, based upon his observations of defendant's physical appearance, defendant's slurred speech, the odor of alcohol on defendant's breath and the presence of empty beer bottles in plain view in the car, the deputy had probable cause to arrest defendant for operating a motor vehicle while in an intoxicated condition. The deputy's observation of the suspected cocaine, located in plain view on the front seat of the car, was inadvertent, unplanned and unanticipated (see, People v Jackson, 41 NY2d 146; People v Rodriguez, supra, at 706) and, therefore, the suppression court properly denied defendant's suppression motion. (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Fallon and Davis, JJ.