■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH T. LAMANDA, Appellant. [613 NYS2d 755] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Keegan, J.), rendered March 12, 1993, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

On October 28, 1989, defendant was observed going through a controlled intersection without stopping in the Town of East Greenbush, Rensselaer County. As a result, he was pulled over by a Deputy Sheriff who, while requesting identification, observed an open container of beer in defendant's vehicle and detected a strong odor of alcohol. After giving defendant several field sobriety tests, the Deputy arrested defendant for driving while intoxicated. Defendant was subsequently indicted and charged with two counts of driving while intoxicated, as a felony, and was convicted of both counts following a jury trial.

On this appeal, defendant contends that the Deputy lacked reasonable cause to stop him and, consequently, the results of the breathalyzer test administered to him should have been suppressed. We disagree. A police officer is authorized to stop a motor vehicle on a public highway when the officer has observed or reasonably suspects a violation of the Vehicle and Traffic Law (see, People v May, 191 AD2d 1011, 1012, lv denied 81 NY2d 1016; People v Letts, 180 AD2d 931, 934, appeal dismissed 81 NY2d 833). Here, the Deputy testified that he observed defendant go through an intersection without stopping and that he knew a stop sign was in place at that intersection. The fact, as testified to by defendant, that the stop sign was obscured at the time does not vitiate the fact that the Deputy entertained a reasonable suspicion that defendant had violated the law.

Defendant also contends that statements made by him to the Deputy should have been suppressed by reason of the People's failure to provide him with notice of their intent to use such statements at trial. Again, we disagree. Defendant waived his right to object to such failure when his attorney requested and participated in a Huntley hearing, at the conclusion of which his motion to suppress was denied (see, CPL 710.30 [3]). We have examined defendant's remaining contention and find it to be equally without merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.