■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCHROEDER, Appellant. (Appeal No. 1.) [645 NYS2d 217] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and two counts of felony driving while intoxicated, defendant contends that the Deputy lacked reasonable suspicion to stop his vehicle and, consequently, lacked probable cause to arrest him. That contention lacks merit. A police officer is authorized to stop a motor vehicle on a public highway when the officer observes or reasonably suspects a violation of the Vehicle and Traffic Law (*see, People v Lamanda*, 205 AD2d 934, 935, *lv denied* 84 NY2d 828; *People v May*, 191 AD2d 1011, 1012, *lv denied* 81 NY2d 1016; *see also, People v Ellis*, 62 NY2d 393, 396).

Here, the Deputy testified that he observed defendant's vehicle cross the center line after turning right onto County Road 41. He followed the vehicle and also observed it go off the shoulder of Route 332 after it made a wide left turn onto that roadway. Under the circumstances, we conclude that County Court properly determined that the Deputy entertained a reasonable suspicion that defendant violated the Vehicle and Traffic Law, thus justifying the stop of his vehicle. Thereafter, based upon his observations of defendant's physical appearance, defendant's slurred speech, the odor of alcohol on

defendant's breath and defendant's inability to perform five field sobriety tests administered, the Deputy had probable cause to arrest defendant for operating a motor vehicle while in an intoxicated condition (*see, People v May, supra*). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Felony Driving While Intoxicated.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.