■ In the Matter of CLINTON R. BYER, Petitioner, v RICHARD JACKSON, as Commissioner of New York State Department of Motor Vehicles, Respondent. [661 NYS2d 336] —Determination unanimously annulled on the law without costs and petition

granted in accordance with the following Memorandum: A Town of Greece police officer stopped petitioner after he turned right out of a parking lot without using his turn signal. The officer issued petitioner a ticket for failing to signal a turn (Vehicle and Traffic Law § 1163 [a]). The officer then observed signs of intoxication and arrested petitioner for driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Following further investigation, the officer arrested petitioner for using another person's license (Vehicle and Traffic Law § 509 [6]) and, following a search of petitioner's vehicle, for possessing marihuana (Penal Law § 221.05). According to the officer, petitioner refused to submit to a chemical test even though he was given warnings about the consequences of his refusal. Based on that refusal, petitioner's license was suspended.

Pursuant to Vehicle and Traffic Law § 1194 (2) (c), a refusal revocation hearing was held, following which the Administrative Law Judge concluded that the officer had lawfully arrested petitioner and that petitioner refused to submit to a chemical test for the purpose of determining his blood alcohol content. Respondent confirmed that determination on petitioner's administrative appeal. Petitioner commenced this CPLR article 78 proceeding, which was transferred to this Court because the only issue is whether the determination is supported by substantial evidence (*see*, CPLR 7804 [g]).

Vehicle and Traffic Law § 1194 (2) (c) provides a hearing for a motorist whose license has been suspended for refusal to submit to a chemical test; the hearing is limited to four issues, including whether the officer made a lawful arrest of the motorist (Vehicle and Traffic Law § 1194 [2] [c] [2]). A negative determination on that issue requires immediate termination of the suspension. We conclude that the determination that the officer made a lawful arrest of petitioner is not supported by substantial evidence.

Respondent concedes that petitioner did not violate Vehicle and Traffic Law § 1163 (a), the underlying predicate for the stop, because the statute does not require a motorist to signal a turn from a private driveway. Respondent contends, however, that the officer's good faith belief that there was a violation of the Vehicle and Traffic Law, coupled with the surrounding circumstances, provided reasonable suspicion of criminality to justify the stop. We disagree. A police officer is authorized to stop a motor vehicle on a public highway when the officer observes or reasonably suspects a violation of the Vehicle and Traffic Law (*see*, *People v Schroeder*, 229 AD2d 917; *People v Lamanda*, 205 AD2d 934, *lv denied* 84 NY2d 828). Where the

officer's belief is based on an erroneous interpretation of law, the stop is illegal at the outset and any further actions by the police as a direct result of the stop are illegal (*see, People v Baez*, 131 Misc 2d 689). The surrounding circumstances, that petitioner drove through a car dealership at about 1:00 A.M., that the dealership was under police surveillance because of previous criminal activity, and that petitioner "speeded up" when the officer approached, do not support respondent's determination that the officer had a reasonable suspicion of criminality (*see, People v May*, 81 NY2d 725 [car in desolate, high crime area, moving slowly away as police approached, did not create reasonable suspicion of criminal activity]). The fact that crimes previously had been committed in the parking lot does not reasonably denote criminal conduct by petitioner (*see, People v Sobotker*, 43 NY2d 559, 564), and the fact that petitioner drove off when the officer approached is not suggestive of criminal activity (*see, People v May, supra*, at 728). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Fisher, J.) Present—Denman, P. J., Green, Doerr and Balio, JJ.