■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN MOSKAL, Respondent. (Appeal No. 1.) [692 NYS2d 286] —Order unanimously reversed on the law, motion denied and matter remitted to Oneida County Court for further proceedings

on the indictment. Memorandum: County Court erred in concluding that the police lacked probable cause to arrest defendant and in granting his motion to suppress evidence obtained following his arrest. An identified citizen informed a police officer that a person had driven a vehicle into a snowbank and, after leaving the vehicle, had staggered approximately one block away to a specified residence. The citizen further stated that her husband had detected the odor of alcohol when he spoke with the driver of the vehicle. The officer observed one set of fresh footprints leading from the street to the residence. The officer knocked on the door and, after it was opened, observed defendant inside. Although defendant informed the officer that he had not been drinking, the officer noted that defendant's speech was slurred. Defendant initially refused to leave the residence to talk with the officer but did so after the officer informed him that he was not under arrest. As defendant walked by, the officer detected a strong odor of alcohol. Defendant staggered as he walked down the driveway and supported himself by leaning against the police car. The officer further observed that defendant's eyes were bloodshot. Defendant refused to submit to field sobriety tests or an Alco-Sensor test. Based upon the information from the identified citizen and his own observations of defendant, the officer had probable cause to arrest defendant for driving while intoxicated (*see, People v Sekoll*, 254 AD2d 797, *lv denied* 92 NY2d 1053; *People v Daniger*, 227 AD2d 846, *lv denied* 88 NY2d 1020; *People v May*, 191 AD2d 1011, 1012, *lv denied* 81 NY2d 1016). We reject the contention of defendant that the officer's conduct in persuading him to leave his residence mandates invalidation of the arrest (*see, People v Roe*, 136 AD2d 140, 143, *affd* 73 NY2d 1004). (Appeal from Order of Oneida County Court, Ringrose, J.—Suppression.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Balio, JJ.