■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICKIE L. COLLEY, Appellant. [735 NYS2d 449] —Judgment unanimously affirmed. Memorandum: Defendant did not object to the sentence imposed, nor did she move to withdraw her plea of guilty or vacate the judgment of conviction. Defendant therefore failed to preserve for our review her contention that County Court erred in enhancing her sentence (*see, People v Perry*, 252 AD2d 990, *lv denied* 92 NY2d 929). In any event, that contention lacks merit. Contrary to defendant's contention, the court did not impose an enhanced sentence. The court informed defendant before she entered her plea that a fine would be imposed as part of the sentence and that the maximum fine would be $5,000. The further contention of defendant concerning the severity of the sentence does not survive her waiver of the right to appeal (*see, People v Lococo*, 92 NY2d 825, 827). (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Felony Driving While Intoxicated.) Present—Hayes, J. P., Scudder, Burns, Gorski and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WELCH, Appellant. [735 NYS2d 449] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's suppression motion. Contrary to the contention of defendant, the State Trooper had probable cause to arrest him for driving while intoxicated based on his slurred speech; the odor of an alcoholic beverage in his vehicle; his bloodshot, watery eyes; his admission that he had been drinking; and his inability to perform one or more of the field sobriety tests (*see, People v D'Augustino*, 272 AD2d 914, 914-915, *lv denied* 95 NY2d 851; *People v Schroeder*, 229 AD2d 917, 917-918). The sentence, which was agreed upon as part of the plea bargain, is not unduly harsh or severe. (Appeal from Judgment of Ontario County Court, Doran, J.—Felony Driving While Intoxicated.) Present—Hayes, J. P., Scudder, Burns, Gorski and Lawton, JJ.