■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS SARFATY, Appellant. [736 NYS2d 817] —Appeal from a judgment of Ontario County Court (Henry, Jr., J.), entered October 20, 2000, convicting defendant after a jury trial of felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury verdict of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and sentencing him to an indeterminate term of imprisonment of 1 to 3 years. We reject the contention of defendant that the deputy lacked reasonable suspicion to stop his vehicle. The deputy was authorized to stop defendant's vehicle when he observed defendant driving down the center of the road, forcing the deputy to pull off the road to allow defendant to pass (*see, People v Schroeder*, 229 AD2d 917; *People v Nicolo,* 166 AD2d 912). Thereafter, based upon the deputy's observations of the inability of defendant to walk without holding onto the vehicle,

his slurred speech, the odor of alcoholic beverages, his inability to perform several field sobriety tests, and his admission that he had been drinking, the deputy had probable cause to arrest defendant for operating a motor vehicle while in an intoxicated condition (*see, People v Schmitt,* 262 AD2d 588, *lv denied* 94 NY2d 829; *People v Schroeder, supra* at 917-918).

The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). From our review of the record, we conclude that defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). In view of the fact that this is defendant's fifth alcohol-related conviction, we conclude that the sentence is neither unduly harsh nor severe. Defendant's remaining contentions, including those raised in the pro se supplemental brief, are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Present—Green, J.P., Pine, Kehoe and Gorski, JJ.