■ The People of the State of New York, Respondent, v James J. Chelenza, Appellant. [757 NYS2d 660] —Appeal from a judgment of Ontario County Court (Doran, J.), entered September 18, 2001, convicting defendant after a jury trial of driving while intoxicated as a felony.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered following a jury trial convicting him of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]). County Court properly denied defendant's suppression motion. Contrary to the contention of defendant, the police properly stopped the vehicle that he was driving after they first observed him driving through a parking lot at high speed and then observed him driving in the dark without headlights (*see People v Ellis*, 62 NY2d 393, 395-396 [1984]). Contrary to the further contention of defendant, the police had probable cause to arrest him for driving while intoxicated based on his slurred speech and bloodshot eyes, his admission that he had been drinking and his inability to pass sobriety tests (*see People v Welch*, 289 AD2d 1021 [2001], *lv denied* 97 NY2d 710 [2001]; *People v D'Augustino*, 272 AD2d 914, 914-915 [2000], *lv denied* 95 NY2d 851 [2000]).

Defendant's contentions concerning the trial testimony of the second police officer involved in the arrest are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Finally, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.