*624 OPINION OF THE COURT
Joseph A. Zayas, J.
The defendant is charged with two counts of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3) and one count of failure to signal a turn in violation of Vehicle and Traffic Law § 1163 (a). A hearing was held on defendant’s motion to suppress all of the evidence that flowed from the police officer’s initial stop and approach of the defendant’s vehicle.
Inasmuch as the stop of defendant’s vehicle was based upon defendant’s alleged failure to signal prior to a lane change, defendant’s motion requires this court to decide whether the Vehicle and Traffic Law requires that a driver signal prior to a lane change even where the driver can make the lane change with reasonable safety. Relying upon People v Rice (11 Misc 3d 539 [Sup Ct, NY County 2006]), defendant argues that there was no probable cause to stop the defendant’s vehicle because changing lanes without signaling, by itself, is not a traffic infraction under the Vehicle and Traffic Law. In Rice, the court held that “the Vehicle and Traffic Law does not require the operator of a motor vehicle to signal every lane change” and that “it is not a violation of the Vehicle and Traffic Law to move from one lane to another without signaling” where the lane change can be made with “ ‘reasonable safety’.” (Id. at 540.)
This court declines to follow Rice inasmuch as the analysis and holding in Rice is contrary to the legislative history (see People v Martinez-Lopez, 16 Misc 3d 298 [Nassau Dist Ct 2007]) and plain language of Vehicle and Traffic Law § 1163. The legislative history of Vehicle and Traffic Law § 1163 aside, the court finds that the plain language of Vehicle and Traffic Law § 1163 mandates that a driver signal prior to a lane change in all circumstances.
The People’s only witness at the hearing — Police Officer Feehan — testified that on April 5, 2006 at approximately 4:20 a.m., while driving westbound on Roosevelt Avenue, he observed the defendant, in a vehicle, also westbound on Roosevelt Avenue, pull over from a driving lane to the parking lane without signaling. Officer Feehan activated his lights and siren and pulled up behind the defendant’s vehicle. When the officer approached the defendant’s vehicle and asked him for his license and registration, the officer noticed a strong odor of alcohol coming from the defendant and that the defendant’s eyes were bloodshot. *625 The defendant was subsequently placed under arrest, taken to the 112th Precinct and charged with driving while intoxicated.
The defendant argues that the court should grant his motion to suppress the officer’s initial observation of the defendant, the Intoxicated Driver Testing Unit videotape and breathalyzer results as the products of an unauthorized traffic stop in violation of defendant’s Fourth Amendment right against unreasonable searches and seizures. Because the defendant has essentially adopted and offered the statutory construction in Rice as his own, this court addresses those interpretations in this decision. Rice is not binding on this court, and this court expressly declines to follow it.
The court in Rice presented a closely parsed reading of various sections of the Vehicle and Traffic Law to support its conclusion that the Vehicle and Traffic Law does not require a motorist to signal upon changing lanes if such lane change can be made “in complete safety without such signal.” (.People v Rice, 11 Misc 3d at 546.) For the purposes of this decision, the facts in Rice are identical to the case here. The officers in Rice stopped the defendant based upon an unsignaled lane change. There was no testimony there, as there is none here, concerning the relative safety or danger of failing to signal under the circumstances.
The statute which addresses the signaling requirement is Vehicle and Traffic Law § 1163 (a), which provides:
“Turning movements and required signals “(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section eleven hundred sixty, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided.”
Although the foregoing language appears to be somewhat straightforward, the court in Rice offers the following construction of the statute:
“The statute describes two distinct kinds of ‘movement’ by a vehicle, a ‘turn’ and a ‘move.’ A ‘turn’ is a movement ‘from a direct course’ to the ‘right’ or ‘left.’ A ‘turn’ can also include a U-turn (see Vehicle *626 and Traffic Law § 1160) or entry from a public roadway to a private road or driveway. (Matter of Byer v Jackson, [241 AD2d 943 (1997)].) In addition to ‘turns,’ the term ‘movement’ also includes a ‘move right or left upon a roadway’ without turning from a direct course. This would include a lane change.
“The statute provides that a ‘movement,’ whether it be a ‘turn’ or a ‘move right or left upon a roadway,’ may not be made ‘unless [it] can be made with reasonable safety. ’ But, the statute only requires an ‘appropriate signal,’ that is a ‘signal of intention’ (Vehicle and Traffic Law § 1163 [b]) when a car is about to make a ‘turn.’ A change of lanes is not a turn, it is a move right or left upon the roadway. Subdivision (a) does not require a signal of intention for every such movement.” (11 Misc 3d at 543.)
In other words, the court in Rice excises the phrase “move right or left upon a roadway” in order that the last sentence — which requires signaling — should not apply to that seven-word phrase in the middle of the paragraph.
This court disagrees with the foregoing construction of Vehicle and Traffic Law § 1163 (a). First, the language in the sentence setting forth the signaling requirement does not merely refer to “turns.” Instead, the statute provides that “[n]o person shall so turn any vehicle” without signaling (emphasis added). The statute’s use of the phrase “so turn any vehicle” is a direct, pointed and specific reference to all of the turning movements just specified in the preceding sentence in the statute — “turn[s] . . . at an intersection^] . . . turn[s] ... to enter a private road or driveway, . . . turn[s] . . . from a direct course or move[s] [to the] right or left upon a roadway.”
Second, it is important to consider, in the face of the Rice court’s statutory construction, the heading of Vehicle and Traffic Law § 1163, which reads: “Turning movements and required signals.” In this context, “turning” is clearly an adjective modifying the noun “movement.” There is no comma between the words “turning” and “movement,” nor is there an “and.” Thus, for the purposes of Vehicle and Traffic Law § 1163 (a), based upon a plain reading of the statute’s title alone, it appears that the statute contemplates that a “turn” is a “movement” and a “movement” is a “turn.” (See McKinney’s Cons Laws of NY, Book 1, Statutes § 123; People v Realmato, 294 NY *627 45 [1945] [courts may resort to the title of a statute to aid their ascertainment of legislative intent]; see also Maloney v Stone, 195 AD2d 1065 [4th Dept 1993].)
This construction is wholly consistent with common sense, since every “turn” necessarily includes “a move [to the] right or left on the roadway,” and every “move [to the] right or left on the roadway” necessarily includes a “turn,” however slight, to the extent that it represents a change in the direction of the vehicle. In this sense, the terms “turn” and “movement” appear to be used interchangeably — a “turning movement” encompasses both a “turn” and “a move [to the] right or left on the roadway.”
Therefore, in this court’s view, it is inconsistent with the language of the pertinent statute to assert, as does the court in Rice, that Vehicle and Traffic Law § 1163 (a) describes “two distinct kinds” of “movement” by a vehicle, a “turn” and a “move,” to which different rules apply. (People v Rice, 11 Misc 3d at 543.) Indeed, if “turn” and “move” are separate and distinct, triggering different rules, the paragraph would be rendered meaningless, because the admonition regarding “reasonable safety” would then apply only to “movements” and not turns, inasmuch as the statute’s language only specifically refers to “movement” when referring to the “reasonable safety” requirement — “unless and until such movement can be made with reasonable safety” (emphasis added). Thus read, the paragraph would become a blanket admonition against “turning” (“no person shall . . . turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course”), while “movement” (i.e., lane changing) would be permitted as long as it is done safely. The court declines to construe the pertinent statute in a way that would lead to such absurd results. (See McKinney’s Cons Laws of NY, Book 1, Statutes § 141 [“In construing a statute which is ambiguous the construction to be adopted is the one which will not cause objectionable results”]; see also Matter of Medical Socy. of State of N.Y. v State of N.Y. Dept. of Health, 83 NY2d 447 [1994]; People v Ryan, 274 NY 149 [1937].)
Accordingly, the court finds that just as the “reasonable safety” requirement of Vehicle and Traffic Law § 1163 (a) was not meant to apply only to vehicular “movements” (i.e., lane changes) (which the court in Rice acknowledges), the signaling requirement was not meant to apply only to actual “turns.” On the contrary, the reasonable safety requirement and the signal *628 ing requirement apply to both “turns” and other vehicular “movements,” such as lane changing. In other words, drivers wishing to turn or change lanes must not only signal their movement at all times, but must also refrain from making their turn or lane change unless and until they can make their movement with “reasonable safety.”
The court in Rice offers a similarly unpersuasive construction when considering Vehicle and Traffic Law § 1163 (d). That statute provides in pertinent part:
“The signals provided for in section eleven hundred sixty-four shall be used to indicate an intention to turn, change lanes, or start from a parked position and not be flashed on one side only on a parked or disabled vehicle, or flashed as a courtesy or ‘do pass’ signal to operators of other vehicles approaching from the rear” (emphasis added).
The court in Rice construes the foregoing language as merely a list of two permissive uses for signals followed by two examples of prohibited uses, and ultimately finds that Vehicle and Traffic Law § 1163 (d) “merely describes the kind of signals that may be used when a vehicle, in order to proceed in complete safety, starts from a parked position, turns, or changes lanes.” (11 Misc 3d at 546 [emphasis added].)
The court’s construction of Vehicle and Traffic Law § 1163 (d) in Rice contravenes the straightforward mandate of Vehicle and Traffic Law § 1163 (d) — namely, that “signals . . . shall be used to indicate an intention to . . . change lanes” (emphasis added). “While the Legislature’s use of the term [‘shall’] is not conclusive, such a word of command is ordinarily construed as peremptory in the absence of circumstances suggesting a contrary legislative intent.” (People v Schonfeld, 74 NY2d 324, 328 [1989]; see also McKinney’s Cons Laws of NY, Book 1, Statutes § 177 [a] [“In the absence of anything to indicate a contrary intention, words of command in a statute are construed as peremptory, and words of discretion are treated as permissive”].)
In an effort to justify its statutory construction — an interpretation which literally transforms “shall” into “may” — the court in Rice cites to another provision of the Vehicle and Traffic Law — section 1128 — which specifically addresses rules for “[d]riving on roadways laned for traffic.” Because Vehicle and Traffic Law § 1128 (a) specifically provides that lane changes “shall not” be made “until the driver has first ascertained that such movement can be made with safety” and does not mention *629 the requirement of signaling, the court in Rice concludes that “[s]ignals are not required for all such movements.” (11 Misc 3d at 543.)
Again, this court finds that that conclusion is unwarranted. First, the court in Rice does not quote the initial paragraph of section 1128, which provides that “[w]henever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply” (emphasis added). That signaling is not mentioned in section 1128 is not particularly probative in light of the fact that the section’s first paragraph announces that there are other rules, elsewhere in the Vehicle and Traffic Law, relevant to driving on laned roads and that they are not mentioned in section 1128.
As further illustration, consider Vehicle and Traffic Law § 1160, entitled “Required position and method of turning at intersections,” which provides: “(a) Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right hand curb or edge of the roadway or, where travel on the shoulder or slope has been authorized, from the shoulder or slope.” In other subdivisions of Vehicle and Traffic Law § 1160, the statute addresses other movements or turns on the road, such as “[l]eft turns on two-way roadways” (subd [b]), “[l]eft turns on other than two-way roadways” (subd [c]), “U-turns” (subd [e]), and other movements “[w]hen markers, buttons, signs, or other markings are placed within or adjacent to intersections” (subd [d]). Signaling is not mentioned once in section 1160, but that does not mean that signaling is not required in each of the enumerated situations.
For the above stated reasons, and given the legislative history of Vehicle and Traffic Law § 1163, as set forth in People v Martinez-Lopez (16 Misc 3d 298 [Nassau Dist Ct 2007]),* the court finds that Vehicle and Traffic Law § 1163 (a) requires *630 motorists to signal before changing lanes. Inasmuch as the police officer in this case observed defendant commit a traffic infraction (i.e., failure to signal a lane change), the officer had probable cause to stop and approach the defendant’s vehicle. Accordingly, the defendant’s motion to suppress is denied.
[Portions of opinion omitted for purposes of publication.]

 Although the court relies upon and agrees with the statute’s legislative history as set forth in Martinez-Lopez (supra) and declines to reiterate most of the analysis here, one portion of the legislative history deserves to be highlighted — a statement made in support of the statute’s amendment:
“The bill also removes the provision which presently states that directional signals need be used only when other traffic can be affected. . . . The amended statute places the absolute duty upon the person to use the signals when preparing to make a turn or when making one of the other movements covered by this statute.” (Letter from Dept of Motor Vehs, Bill Jacket, L 1964, ch 653, at 6 [emphasis added].)