OPINION OF THE COURT
Per Curiam.
Order, dated August 9, 2009, reversed, on the law and facts, the motion denied and the matter remanded for further proceedings.
Probable cause for defendant’s arrest was established by the arresting officer’s observations of defendant, who exhibited the “classic signs of intoxication” (People v Curkendall, 12 AD3d 710, 713 [2004], lv denied 4 NY3d 743 [2004]) — defendant had bloodshot, watery eyes, alcohol on his breath, and an unsteady gait (see People v Moskal, 262 AD2d 986 [1999]). Furthermore, the officer testified that defendant, prior to his arrest, admitted that he had consumed alcohol. Notably, while the suppression court found that the officer’s testimony was “at times” not credible, the court made no specific finding that the officer’s testimony regarding his observations of defendant (or defendant’s pre-arrest admission) was not credible. Moreover, that the police did not administer roadside coordination tests or a port *3 able breathalyzer test does not warrant the conclusion that the police lacked probable cause (see People v Poje, 270 AD2d 649 [2000], lv denied 95 NY2d 802 [2000]; see also People v Moskal, supra). Likewise, the result of the breathalyzer test administered at the precinct approximately two hours after defendant’s arrest, which was below the legal limit, did not undermine a finding of probable cause (see People v Thomas, 68 AD3d 482 [2009], lv denied 14 NY3d 806 [2010]).