# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1365

KA 12-00568

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ROBERT POPE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered November 29, 2011. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts) and robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts each of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]). County Court properly denied that part of defendant's motion seeking suppression of items of physical evidence seized from the house where police officers located defendant on the day of the robbery. The evidence at the suppression hearing established that defendant was no more than a casual visitor having "relatively tenuous ties" to the house (*People v Ortiz*, 83 NY2d 840, 842; *see People v Sommerville*, 6 AD3d 1232, 1232, *lv denied* 3 NY3d 648). Defendant thus lacked standing to seek suppression of items seized therefrom (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108; *People v Rodriguez*, 69 NY2d 159, 162). To the extent that defendant contends that the items of physical evidence should have been suppressed as the fruit of a *Payton* violation, we conclude that the court properly determined that there was no such violation inasmuch as defendant was arrested outside the house (*see People v Roe*, 73 NY2d 1004, 1006; *People v Moskal*, 262 AD2d 986, 987). Finally, the sentence is not unduly harsh or severe.

Entered: January 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court