The People of the State of New York, 
against
Kevin Nebbia, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered March 10, 2016, after nonjury trial, convicting him of aggravated driving while intoxicated per se and driving while intoxicated, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered March 10, 2016, affirmed.
The Court properly denied defendant's suppression motion. Probable cause for defendant's arrest was established by the arresting officer's testimony that defendant was found in the driver's seat of his vehicle, slumped over the steering wheel and unresponsive to police attempts to rouse him, while the vehicle was obstructing a lane of traffic, with the engine running; and that when defendant was ultimately awakened when officers broke one of the windows, the officer detected an odor of alcohol, and defendant exhibited signs of intoxication, such as slurred speech, a flushed face and difficulty following instructions (see People v Johnson, 140 AD3d 978 [2016], lv denied 28 NY3d 931 [2016]; People v Thomas, 68 AD3d 482, 483 [2009], lv denied 14 NY3d 806 [2010]; People v Creer, 31 Misc 3d 1 [2010], lv dismissed 16 NY3d 857 [2011]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) we find that it was legally sufficient to establish defendant's guilt of aggravated driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2-a][a]) and driving while intoxicated (see Vehicle and Traffic Law § 1192[3]). Upon our independent view of the record, we are also satisfied that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). In addition to trial testimony regarding defendant's visibly intoxicated condition, the .21 percent blood alcohol content measured by the Intoxilyzer 5000 breath test was prima facie evidence of defendant's violation of Vehicle and Traffic Law § 1192(2-a)(a) (see People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139 [1986]). The operation element of the offenses was satisfied by evidence that defendant was behind the steering wheel of the vehicle with its motor running (see People v Alamo, 34 NY2d 453 [1974]).
The court properly denied defendant's speedy trial motion. The motion was untimely, since counsel first made the motion after both sides answered ready for trial, the case had been sent to and was pending in the trial part, the court had addressed several preliminary issues, and [*2]was ready to begin the hearing and trial. Under these circumstances, "defense counsel's tactics deprived the prosecution of reasonable notice of the motion, and ... defendant waived his speedy trial claim by announcing his readiness for trial and by failing to request an adjournment when the People moved the case to trial" (People v Joaquin, 150 AD3d 618 [2017], quoting People v Harvall, 196 AD2d 553, 555 [1993], lv denied 82 NY2d 696 [1993]). Furthermore, the motion was without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 04, 2017