People v Cruz-Rodriguez (2020 NY Slip Op 50843(U))

[*1]

People v Cruz-Rodriguez (Christian)

2020 NY Slip Op 50843(U) [68 Misc 3d 126(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, BERNICE D.
SIEGAL, JJ

2017-2049 K CR

The People of the State of New York,
Respondent, 
against
Christian Cruz-Rodriguez, Appellant. 

Martin Geoffrey Goldberg, for appellant.
Kings County District Attorney (Leonard Joblove and Gamaliel Marrero of counsel), for
respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York, Kings
County (Michael A. Gary, J), rendered September 28, 2017. The judgment convicted defendant,
after a nonjury trial, of driving while ability impaired, stopping, standing, or parking prohibited
in specified places, failure to park within 12 inches of the curb on a one-way street, and littering,
and imposed sentence. The appeal brings up for review an order of that court (Curtis J. Farber, J.)
dated April 25, 2017, after a hearing, denying defendant's motion to suppress evidence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a prosecutor's information with driving while ability impaired
(Vehicle and Traffic Law § 1192 [1]), stopping, standing, or parking prohibited in specified
places (Vehicle and Traffic Law § 1202 [a] [1] [a]), failure to park within 12 inches of the
curb on a one-way street (Vehicle and Traffic Law § 1203 [b]), and littering (Administrative
Code of City of NY § 16-118 [6]). A combined Dunaway/Huntley/ Ingle/Johnson
hearing was conducted, following which the Criminal Court (Curtis J. Farber, J.) denied
defendant's motion to suppress, but precluded defendant's statements as unreliable. After a
nonjury trial, the Criminal Court (Michael A. Gary, J.) convicted defendant of all of the
charges.
On appeal, defendant contends that his arrest was predicated on an unlawful vehicle stop.
[*2]The hearing court found the arresting officer's testimony to be
credible, a finding that must be accorded deference unless clearly unsupported by the record (see People v Bookman, 131 AD3d
1258 [2015]). Upon our review of the hearing testimony, we find no reason to discredit the
arresting officer's testimony that he had observed defendant urinating in public while standing
outside his double-parked vehicle, which had its engine running, and that defendant had then
entered his vehicle and driven it in reverse for a few feet before the officer had engaged the
police vehicle's emergency lights and approached defendant's vehicle. The arresting officer's
testimony, therefore, described conduct which constituted littering in violation of Administrative
Code of City of NY § 16-118 (6), double parking in violation of Vehicle and Traffic Law
§ 1202 (a) (1) (a), and failure to park within 12 inches of the curb on a one-way street in
violation of Vehicle and Traffic Law § 1203 (b). "[A] police officer who can articulate
credible facts establishing reasonable cause to believe that someone has violated a law has
established a reasonable basis to effectuate a [traffic] stop" (People v Guthrie, 25 NY3d 130, 133 [2015] [internal quotation
marks omitted]). Consequently, the traffic stop was lawful.
Defendant further contends, in effect, that the trial evidence was legally insufficient to
establish defendant's guilt of violating Vehicle and Traffic Law § 1202 (a) (1) (a) and
Vehicle and Traffic Law § 1203 (b), and that the verdict of guilt as to those charges was
against the weight of the evidence. "To preserve for . . . review a challenge to the legal
sufficiency of a conviction, a defendant must move for a trial order of dismissal, and the
argument must be 'specifically directed' at the error being urged. . . . [G]eneral motions simply do
not create questions of law for . . . review" (People v Hawkins, 11 NY3d 484, 492 [2008]; see CPL
470.05 [2]). Here, defendant's legal sufficiency contentions were not preserved for appellate
review. In any event, defendant admits in his appellate brief that his vehicle was double parked.
Furthermore, as the People correctly note in their brief, defendant confuses Vehicle and Traffic
Law § 1203 (b) with § 1203-b, rendering defendant's appellate argument with respect
to section 1203 (b) without merit.
In exercising of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342,
348-349 [2007]), we accord great deference to the trier of fact's opportunity to view the
witnesses, hear their testimony, observe their demeanor, and assess their credibility (see
People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495
[1987]). Upon a review of the trial testimony, we find no reason to disturb the implicit
determination of the trial court (Michael A. Gary, J.) which, like the prior determination of the
hearing court (Curtis J. Farber, J.), found the testimony of the arresting officer to be credible.
Consequently, we conclude that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633
[2006]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., and SIEGAL, J., concur.
WESTON, J., dissents and votes to reverse the judgment of conviction in the following
memorandum:
As the majority notes, a " 'police officer who can articulate credible facts establishing
reasonable cause to believe that someone has violated a law has established a reasonable basis to
effectuate a [traffic] stop' " (People v
Guthrie, 25 NY3d 130, 133 [2015], quoting People v [*3]Robinson, 97 NY2d 345, 353-354 [2001]). In my opinion, the
arresting officer's testimony fell short of meeting this burden.
First, the officer's testimony failed to articulate a credible basis for stopping defendant's
vehicle. The officer testified that it was late at night, at approximately 3:15 in the morning, when
he first observed defendant from his patrol vehicle. Although he initially stated he was 15 feet
behind defendant's vehicle, he later stated that he was approximately 5 to 10 feet behind the
vehicle when he saw defendant urinating on the street outside of his "double-parked" car. The
officer never testified that either of these observations was a basis for stopping defendant's
vehicle. Indeed, when defendant entered his vehicle and reversed it for a couple of feet before
coming to a stop, there was nothing to indicate that defendant had committed any traffic violation
or was otherwise driving erratically. In the absence of such proof, I cannot agree with the
majority that the officer had a reasonable basis to effectuate the stop. 
Moreover, the officer did not have probable cause to arrest defendant for driving while
ability impaired. Nothing in the record establishes that defendant "exhibited actual impair[ment],
to any extent, [of] the physical and mental abilities which [a person] is expected to possess in
order to operate a vehicle as a reasonable and prudent driver" (People v Vandover, 31 Misc 3d
131[A], 2011 NY Slip Op 50592[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]
[internal quotation marks omitted], affd 20 NY3d 235 [2012]). The officer testified that
when he pulled defendant over, he observed him to have "a flushed appearance" with "red . . .
bloodshot eyes," and noted that he was "unsteady on his feet" and "staggering." However,
nowhere in the intoxicated driver examination report does the officer note these observations
even though there is a place in the report to do so. To the contrary, the officer's report indicates
that defendant's balance was steady and his speech clear. Casting further doubt on the officer's
testimony is the fact that he had difficulty communicating with defendant, who only spoke
Spanish. Although the officer relied on a translator application on his phone to communicate
with defendant, he admitted that he still had difficulty understanding defendant. On this record, I
conclude that the People failed to establish probable cause for defendant's arrest for driving while
ability impaired (see id. [odor of alcohol, admission of alcoholic consumption six hours
earlier, glassy, bloodshot eyes, and fatigue are insufficient to establish probable cause for driving
while impaired]).
Accordingly, I vote to reverse defendant's judgment of conviction and dismiss the
prosecutor's information.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020