People v Hillman (2021 NY Slip Op 50233(U))

[*1]

People v Hillman (Avriel)

2021 NY Slip Op 50233(U) [71 Misc 3d 127(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1813 W CR

The People of the State of New York,
Appellant, 
against
Avriel Hillman, Respondent. 

Westchester County District Attorney (Christine DiSalvo and William C. Milaccio of counsel),
for appellant.
Barket Epstein Kearon Aldea & LoTurco, LLP (Donna Aldea of counsel), for respondent.

Appeal from an order of the City Court of Mount Vernon, Westchester County (Adrian N.
Armstrong, J.), dated October 4, 2019. The order, insofar as appealed from, after a hearing,
granted the branch of defendant's motion seeking to suppress all evidence obtained subsequent to
her arrest.

ORDERED that the order, insofar as appealed from, is reversed, on the law, the branch of
defendant's motion seeking to suppress all evidence obtained subsequent to her arrest is denied,
and the matter is remitted to the City Court for all further proceedings. 
Defendant was charged with driving while intoxicated (per se) (Vehicle and Traffic Law
§ 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192
[3]), making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), and driving below
minimum speed (Vehicle and Traffic Law § 1181 [a]). Defendant subsequently moved to,
among other things, suppress all evidence, including her statements and the results of a breath
test, on the ground that there was no probable cause for her arrest. 
At a probable cause hearing, the arresting officer testified that, while on patrol, he had
observed defendant's vehicle being operated erratically. The officer then activated the emergency
lights and a dashboard camera recording device on his patrol car, followed behind defendant's
vehicle, and ultimately effected a traffic stop. The officer arrested defendant after administering
three field sobriety tests to defendant. Following the hearing, the City Court found that the initial
[*2]stop of defendant's vehicle for a traffic infraction was lawful.
The court, however, held that probable cause was absent from defendant's arrest and
consequently granted the branch of defendant's motion seeking to suppress the evidence obtained
subsequent to her arrest. The People now appeal. On appeal, the People certify that absent the
suppressed evidence they cannot prosecute any of the charges (see CPL 450.20 [8];
450.50 [1]). 
Probable cause for an arrest requires "information sufficient to support a reasonable belief
that an offense has been or is being committed" (People v Bigelow, 66 NY2d 417, 423
[1985]). In determining the propriety of an arrest for violating Vehicle and Traffic Law §
1192, "[t]he only valid inquiry . . . is whether, viewing the facts and circumstances as they
appeared at the time of arrest, a reasonable person in the position of the [arresting] officer could
have concluded that the motorist had operated the vehicle while under the influence of
intoxicating liquor" (People v Farrell, 89 AD2d 987, 988 [1982]). Consequently, "the
legality of [such] an arrest . . . is not conditioned upon whether the arresting officer specified the
correct subdivision of Vehicle and Traffic Law § 1192, or upon his [or her] belief as to
which subdivision had been violated. All that is required is that [the officer] have had reasonable
cause to believe that defendant had violated Vehicle and Traffic Law § 1192" (People v
Hilker, 133 AD2d 986, 987-988 [1987]; accord People v Freeman, 37 Misc 3d 142[A], 2012 NY Slip Op 52281[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Gingras, 22 Misc 3d 22, 23 [App Term, 2d Dept, 9th
& 10th Jud Dists 2008]; see People
v Andrews, 30 Misc 3d 133[A], 2010 NY Slip Op 52357[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2010]). An arrest for violating Vehicle and Traffic Law § 1192 (1) "is
authorized upon probable cause that a defendant, by voluntarily consuming alcohol, has actually
impaired, to any extent, his or her ability to operate a vehicle as a reasonable and prudent driver"
(People v Freeman, 37 Misc 3d
142[A], 2012 NY Slip Op 52281[U], *2; see People v Cruz, 48 NY2d 419, 427
[1979]). "The quantum of proof necessary to support an arrest for driving while impaired is far
less rigorous than that required for driving while intoxicated" (People v Freeman, 37 Misc 3d
142[A], 2012 NY Slip Op 52281[U], *2 [internal quotation marks and citations omitted]; see People v Maher, 52 Misc 3d
136[A], 2016 NY Slip Op 51043[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2016]).
Here, although the People do not challenge, nor is there a basis to disturb, the City Court's
finding that the field sobriety tests were administered improperly to defendant, thereby stripping
the test results of any probative value (see generally People v Prochilo, 41 NY2d 759,
761 [1977]), the failure to establish that the tests had been properly administered does not in and
of itself necessarily diminish the strength of the remaining proof of the existence of probable
cause because "probable cause need not always be premised upon the performance of field
sobriety tests or any specific number of such tests" (People v Kowalski, 291 AD2d 669,
670-671 [2002] [citations omitted]; see
People v Wallgren, 94 AD3d 1339, 1341 [2012]; People v Fenger, 68 AD3d 1441, 1443 [2009]). At the probable
cause hearing, the arresting officer testified that, before the dashboard camera recording device
was activated, he had observed defendant's vehicle being operated erratically, including traveling
at an "extremely slow" speed (i.e., 20 to 25 miles per hour in a 45 miles per hour zone) impeding
traffic on a public highway, alternately slowing down and speeding up, and failing to maintain a
lane. After defendant's vehicle was stopped, the officer observed defendant exhibit classic signs
of intoxication—having "extremely" bloodshot, watery eyes and an odor of alcohol on her
breath—and defendant admitted that she had [*3]consumed alcohol earlier that night.
Following the hearing, the court expressly found the officer's foregoing testimony to be
credible—a finding that must be accorded deference unless clearly unsupported by the
record (see People v Bookman, 131
AD3d 1258, 1260 [2015], affd 28 NY3d 967 [2016]; People v Cruz-Rodriguez, 68 Misc 3d
126[A], 2020 NY Slip Op 50843[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020])—and there is no reason on this record to disturb that credibility determination.
However, contrary to the court's conclusion, we find that the evidence of defendant's erratic
driving, defendant's appearance, the odor of alcohol and defendant's admission to alcohol
consumption was sufficient to provide the officer with probable cause to arrest defendant at least
for driving while ability impaired, if not driving while intoxicated (see People v Lewis, 124 AD3d
1389, 1390-1391 [2015]; People v
Andrews, 30 Misc 3d 133[A], 2010 NY Slip Op 52357[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2010]; see also
People v Tieman, 112 AD3d 975, 976 [2013]; People v Troche, 162 AD2d 483,
483 [1990]; People v Ramirez, 62
Misc 3d 146[A], 2019 NY Slip Op 50203[U] [App Term, 1st Dept 2019]; People v Williams, 55 Misc 3d
134[A], 2017 NY Slip Op 50478[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]; People v Wachausen, 33
Misc 3d 10, 12-13 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Creer, 31 Misc 3d 1, 2
[App Term, 1st Dept 2010]; People v
Davis, 23 Misc 3d 30, 32 [App Term, 2d Dept, 9th & 10th Jud Dists 2009];
People v Grodecki, 2001 NY Slip Op 40537[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2001]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant's
motion seeking to suppress all evidence obtained subsequent to her arrest is denied.
RUDERMAN, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021