People v Brady (2025 NY Slip Op 50179(U))

[*1]

People v Brady (Connor)

2025 NY Slip Op 50179(U)

Decided on January 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2024-293 OR CR

The People of the State of New York, Appellant,
against
Connor E. Brady, Respondent. 

Orange County District Attorney (Andrew R. Kass of counsel), for appellant.
Larkin Ingrassia PLLC (John Ingrassia and Matthew Bennett of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Blooming Grove, Orange County (Christopher J. Turpin, J.), dated February 2, 2024. The order, after a hearing, granted defendant's motion to suppress all evidence obtained subsequent to his arrest.

ORDERED that the order is reversed, on the law, defendant's motion to suppress all evidence obtained subsequent to his arrest is denied, and the matter is remitted to the Justice Court for all further proceedings.
Defendant was charged with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and speeding (Vehicle and Traffic Law § 1180 [d]). Defendant thereafter moved to suppress all evidence obtained subsequent to his arrest.
At a suppression hearing, the arresting officer testified that, while on patrol, he observed defendant's vehicle being operated about 10 miles per hour above the posted limit. The officer then followed behind defendant's vehicle for approximately two miles, during which time the vehicle was unable to maintain a consistent speed, and thereafter effected a traffic stop. During [*2]the stop, the officer observed that defendant had bloodshot, watery eyes, slowed speech, and a strong odor of alcohol on his breath. Defendant, after first denying it, ultimately admitted that he had consumed two Corona beers. The officer arrested defendant after administering three standardized field sobriety tests (SFSTs) to defendant. Following the hearing, by order dated February 2, 2024, the Justice Court granted defendant's motion to suppress all evidence obtained subsequent to his arrest, taking issue with the officer's testimony regarding his administration of one of the SFSTs. The People now appeal (see CPL 450.20 [8]; 450.50).
Probable cause for an arrest requires "information sufficient to support a reasonable belief that an offense has been or is being committed" (People v Bigelow, 66 NY2d 417, 423 [1985]). In determining the propriety of an arrest for violating Vehicle and Traffic Law § 1192, "[t]he only valid inquiry . . . is whether, viewing the facts and circumstances as they appeared at the time of arrest, a reasonable person in the position of the [arresting] officer could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor" (People v Farrell, 89 AD2d 987, 988 [1982]). Consequently, "the legality of [such] an arrest . . . is not conditioned upon whether the arresting officer specified the correct subdivision of Vehicle and Traffic Law § 1192, or upon his belief as to which subdivision had been violated. All that is required is that [the officer] have had reasonable cause to believe that defendant had violated Vehicle and Traffic Law § 1192" (People v Hilker, 133 AD2d 986, 987-988 [1987]; accord People v Anzalone, 72 Misc 3d 140[A], 2021 NY Slip Op 50830[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Hillman, 71 Misc 3d 127[A], 2021 NY Slip Op 50233[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; see People v Andrews, 30 Misc 3d 133[A], 2010 NY Slip Op 52357[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
An arrest for violating Vehicle and Traffic Law § 1192 (1) "is authorized upon probable cause that a defendant, by voluntarily consuming alcohol, has actually impaired, to any extent, his or her ability to operate a vehicle as a reasonable and prudent driver" (People v Freeman, 37 Misc 3d 142[A], 2012 NY Slip Op 52281[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see People v Cruz, 48 NY2d 419, 427 [1979]). "The quantum of proof necessary to support an arrest for driving while impaired is far less rigorous than that required for driving while intoxicated" (People v Anzalone, 2021 NY Slip Op 50830[U], *1 [internal quotation marks omitted]; see People v Maher, 52 Misc 3d 136[A], 2016 NY Slip Op 51043[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). "[T]he failure to establish that the [SFSTs] had been properly administered does not in and of itself necessarily diminish the strength of the remaining proof of the existence of probable cause because 'probable cause need not always be premised upon the performance of field sobriety tests or any specific number of such tests' " (People v Hillman, 2021 NY Slip Op 50233[U], *2, quoting People v Kowalski, 291 AD2d 669, 670-671 [2002]; see People v Wallgren, 94 AD3d 1339, 1341 [2012]; People v Fenger, 68 AD3d 1441, 1443 [2009]).
Here, the evidence of defendant's erratic driving, defendant's appearance, the odor of alcohol, and defendant's admission to alcohol consumption was sufficient to provide the officer with probable cause to arrest defendant at least for driving while ability impaired, if not driving [*3]while intoxicated (see People v Lewis, 124 AD3d 1389, 1390-1391 [2015]; People v Tieman, 112 AD3d 975, 976 [2013]; People v Troche, 162 AD2d 483, 483 [1990]; People v Blajeski, 125 AD2d 582, 582-583 [1986]; People v Hillman, 2021 NY Slip Op 50233[U], *2; People v Andrews, 2010 NY Slip Op 52357[U], *2; People v Creer, 31 Misc 3d 1, 2-3 [App Term, 1st Dept 2010]; People v Grodecki, 2001 NY Slip Op 40537[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]). Thus, defendant's motion to suppress all evidence obtained subsequent to his arrest should have been denied.
We reach no other issue.
Accordingly, the order is reversed, defendant's motion to suppress all evidence obtained subsequent to his arrest is denied, and the matter is remitted to the Justice Court for all further proceedings.
GOLDBERG-VELAZQUEZ, J.P., DRISCOLL and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 23, 2025